734 P.2d 609

The STATE of Arizona,
Appellee/Respondent,

v.

Sergio Garcia MORENO,
Appellant/Petitioner.

Nos. 2 CA–CR 3936, 2 CA–CR
4401–2PR.

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 16, 1986.

Reconsideration Denied Jan. 20, 1987.

Review Denied March 24, 1987.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee/respondent.

Scott Taylor, Tucson, for appellant/petitioner.

## OPINION

HATHAWAY, Chief Judge.

Appellant was indicted for conspiracy to sell, transportation of, and selling marijuana. He was tried to a jury, convicted on the transportation count and acquitted on the other two counts. The court sentenced him to the presumptive term of seven years in prison.

Michael Joseph Benson was arrested in the El Con parking lot in Tucson, Arizona, for attempting to sell approximately 85 pounds of marijuana to undercover officers. At that time, Elridge Savant, Benson's alleged accomplice, was arrested in another car with an unknown passenger in the parking lot. The passenger was one Justin Schmidt who claimed he was in the wrong place at the wrong time. At trial, Benson testified that he, appellant and Savant had conspired to sell marijuana. Benson originally met with police informants to set up the sale. It was Benson who acted as the middleman and entered into negotiation with the undercover agents. Benson testified that all three parties had met to discuss the sale in a house on Del Valle Street where appellant and Savant lived.

Benson further testified that on the night of his arrest, Benson, pursuant to Savant's direction, drove his own car to the convenience store parking lot at the intersection of Pima and Columbus where he exchanged vehicles with appellant. Benson then drove the car to El Con where he was arrested. Later that night, the police served a search warrant at the Del Valle house. They found a bag containing several pounds of marijuana in the living room. A visitor in the house, Philip DeCarlo, testified that it had been placed there shortly before by a tall man (appellant was described as tall) before the police arrived. DeCarlo told the police the day after the search that the tall man was appellant. He later equivocated at trial.

Subsequent to filing his appeal, appellant instituted a petition for post-conviction re-lief which was denied in superior court. His petition for review has been consolidated with this appeal.

Appellant raises four issues on appeal: (1) The trial court committed reversible error in permitting a witness to testify concerning a subsequent bad act of appellant; (2) appellant was denied effective assistance of counsel during trial and at sentencing; (3) the trial court's reliance on uncorroborated hearsay at the sentencing and in appellant's pre-sentence report violated due process, and (4) the trial court's refusal to grant Rule 32 relief or to order the deposition requested was arbitrary, capricious, an abuse of discretion and contrary to law.

■ Appellant first argues that the trial court erred in permitting Philip DeCarlo to testify concerning a subsequent bad act and in admitting the 3.5 pounds of marijuana found at the Del Valle address by the officers. He argues that the prejudice clearly outweighed the probative value because the statements and the marijuana amounted to evidence showing, or tending to show, that appellant had committed a distinct and independent offense, separate and apart from the offense for which he was being tried.

The trial court is afforded considerable discretion in determining whether to admit evidence of other crimes, and we will affirm the trial court's decision unless a clear abuse of that discretion appears. *State v. Jeffers*, 135 Ariz. 404, 661 P.2d 1105 (1983). We note that subsequent bad acts, such as are present in this case, are analyzed exactly as are prior bad acts. *State v. Ashelman*, 137 Ariz. 460, 671 P.2d 901 (1983); *State v. May*, 137 Ariz. 183, 669 P.2d 616 (App.1983).

The evidence in question was admitted pursuant to Rule 404(b), Rules of Evidence, 17A A.R.S. Rule 404(b) states:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowl-

edge, identity or absence of mistake or accident.

The trial court may have admitted the evidence under Rule 404(b) to show guilty knowledge or intent and a connection with the entire transaction. Appellant argues, however, that the trial court had an obligation to balance the probative value of this evidence against its prejudicial effect. Rule 403, Rules of Evidence, 17A A.R.S., states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The balancing test under Rule 403 is important in analyzing any Rule 404(b) evidentiary question. As M. Udall & J. Livermore, Arizona Practice: Law of Evidence, § 84, p. 178 (2d ed. 1982), states: "The discretion of the trial judge under Rule 403 to exclude otherwise relevant evidence because of the risk of prejudice should find its most frequent application in this area." Therefore, we must determine whether it was an abuse of discretion for the trial court not to find the admission of this evidence a violation of Rule 403.

The latitude afforded the trial court in deciding to admit evidence of other bad acts was discussed in *State v. Jeffers*, supra, where the court there stated:

> The trial judge has considerable discretion in determining whether to admit evidence of other crimes and need not explain the basis for the decision to admit such evidence. So long as the decision is supported by the facts before the court, we will affirm the trial court's decision unless a clear abuse of discretion appears.

125 Ariz. at 417, 661 P.2d at 1105.

The record shows that appellant's counsel agreed with the court that the testimony and the marijuana were probative. The court heard argument concerning the prejudicial effect of the testimony and the evidence and ruled that they were admissible. We find no clear abuse of discretion. In addition, we note that the Second Circuit, in *United States v. Carson*, 702 F.2d 351 (2nd Cir.), cert. den. 462 U.S. 1108, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983), quoting *United States v. Viserto*, 596 F.2d 531, 537–38 (2nd Cir.), cert. den. 444 U.S. 841, 100 S.Ct. 80, 62 L.Ed.2d 52 (1979), has stated that "[n]arcotics is a business, though an illegitimate one, and evidence that the defendants were in the business at a closely related time is relevant, and is not a mere showing of bad character." 702 F.2d at 369. We believe the testimony and the marijuana were properly admitted.

 Appellant next complains about his trial counsel's representation during trial and at sentencing. To succeed in his claim, appellant must establish that counsel's assistance was deficient considering all the circumstances, and that the deficient performance prejudiced his defense. *State v. Nash*, 143 Ariz. 392, 694 P.2d 222, cert den. 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 706 (1985). Applying these standards, we find the record does not support appellant's contention. Appellant's complaints about counsel's trial representation involve minutiae of the defense presentation. He complains that his counsel's cross-examination of a witness failed to bring to the jury's attention certain facts about the witness. One fact was inadmissible and the other was placed before the jury. He also claims his counsel erred in not objecting to a witness' testimony regarding the fact of his conviction for involvement in the same offense as appellant. Defense counsel had brought this fact to the jury's attention earlier, during cross-examination of another witness. Appellant argues that his counsel failed to object to the admission of prior statements by witnesses which were used to bolster their own credibility. In fact, the statements were inconsistent with the witnesses testimonies and were used to refresh memory or to impeach. He next maintains his counsel erred in not objecting to the state's reference to a guilty plea entered by Benson. The failure to object could be viewed as a tactical move designed to portray Benson as an unreliable person who would say

anything to help himself. In addition, the court cautioned the jury that a felony conviction should only be used to assess the credibility of the witness, not the guilt of the defendant. He also claims his counsel erred in not objecting to testimony about weapons found in the car occupied by Savant and Schmidt. Again, this can be seen as a tactical move to portray them, rather than appellant, as Benson's co-conspirators. In addition, the evidence of the weapons was admissible to tell the complete story of the crime. *State v. Benge*, 110 Ariz. 473, 520 P.2d 843 (1974). Appellant's final charge against his counsel concerns counsel's eliciting from Benson that the police believed appellant to be a drug dealer. When read in its entirety, the cross-examination of Benson was oriented towards casting Benson in a bad light, showing him to be a person who would do or say anything to secure his plea bargain. If the jury accepted this tactic, the fact that the police were suspicious of appellant would be irrelevant because the reliability of Benson would have been undermined. Counsel's actions were tactical decisions which did not prejudice appellant. *Nash* clearly states that the standard adopted "provides attorneys the necessary freedom to make tactical decisions." 143 Ariz. at 398, 694 P.2d at 228.

█ Appellant's claim of ineffective assistance at sentencing concerns a letter sent to the judge by a police officer which described appellant as a major drug dealer. Appellant claims that the judge relied on that information in setting his sentence. The record contradicts this argument. The judge stated that the reason he imposed the presumptive sentence was that "the offense was too serious to justify probation." The same point was made at the hearing on the petition for post-conviction relief.

█ Appellant's third argument is that the court relied on uncorroborated hearsay in the pre-sentence report in determining the sentence to impose. Any reliable evidence, including hearsay, may be introduced at a hearing to show aggravating or mitigating circumstances. *State v. Mar-*

*quez*, 127 Ariz. 13, 617 P.2d 787 (App.1980). Defendant was permitted allocution at the time of sentencing and did not deny the information contained in the letter. Nor was there a motion to excise the letter from the proceedings. Whether information in the pre-sentence report is reliable is largely within the discretion of the trial court and is generally admissible. Ibid. We find no basis for reversal.

█ Appellant's final argument concerns his petition for post-conviction relief. He wanted the court to order the deposition of the police officer who wrote the letter regarding sentencing. We first note that the Rules of Criminal Procedure contain no provisions for ordering depositions or permitting discovery in connection with a motion for rehearing of a denial of a Rule 32 petition. The request for the deposition was made after both an original and an amended petition had been filed and denied. We find no abuse of discretion in denying the request.

Affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.