SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA, ) | Arizona Supreme Court |
| ) | No. CR-02-0402-AP |
| Appellee, ) | |
| ) | Mohave County |
| v. ) | Superior Court |
| ) | No. CR-96-865 |
| FRANK WINFIELD ANDERSON, ) | |
| ) | **S U P P L E M E N T A L** |
| Appellant. ) | **O P I N I O N** |
| ) | |
| _____ ) | |

Appeal from the Superior Court of Mohave County
Honorable James E. Chavez

**SENTENCE AFFIRMED**

_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Kent E. Cattani, Chief Counsel
          Capital Litigation Section
          Robert J. Gorman, Assistant Attorney General      Tucson
Attorneys for the State of Arizona

LAW OFFICES OF THOMAS J. PHALEN                            Phoenix
     By   Thomas J. Phalen

And

LAW OFFICES OF THOMAS A. GORMAN                            Sedona
     By   Thomas A. Gorman
Attorneys for Frank Winfield Anderson

_____

**H U R W I T Z**, Justice

¶1      Our previous opinion affirmed appellant Frank Winfield
Anderson's convictions for conspiracy to commit first degree
murder, armed robbery, and three counts of first degree murder.
*State v. Anderson*, 210 Ariz. 327, 111 P.3d 369 (2005).  We also

affirmed the sentences of death imposed for each count of first degree murder and the sentence of life imprisonment without the possibility of release for twenty-five years imposed for the conspiracy conviction. *Id*. at 359 ¶ 147, 111 P.3d at 401. We deferred resolution, however, of Anderson's claim that the superior court violated the rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004), by imposing a sentence of twelve and one-half years for the armed robbery conviction. We address that issue in this supplemental opinion.

## I.

¶2 The Supreme Court of the United States held in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Blakely* explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 124 S. Ct. at 2537.

¶3 Armed robbery is a class 2 felony, Ariz. Rev. Stat. ("A.R.S.") § 13-1904(B) (1989), which carries a presumptive sentence of five years' imprisonment, A.R.S. § 13-701(C)(1) (Supp. 1995). That presumptive sentence is the "statutory

2

maximum" for a class 2 felony for *Apprendi/Blakely* purposes in the absence of the factual findings required under the applicable statutes to support an aggravated or enhanced sentence. *See State v. Brown (McMullen)*, 209 Ariz. 200, 203 ¶ 12, 99 P.3d 15, 18 (2004).

¶4        The superior court imposed an aggravated sentence of twelve and one-half years pursuant to A.R.S. § 13-702.01 (Supp. 1995). That statute allows the trial court to "increase the maximum term of imprisonment otherwise authorized" for a class 2 felony up to twenty-three and one-quarter years for a defendant with one historical prior felony conviction "if the court finds that at least two substantial aggravating factors listed in § 13-702, subsection C apply." A.R.S. § 13-702.01(C).[1] The superior court found six aggravating factors with respect to the armed robbery: (1) infliction of serious physical injury, *see* § 13-702(C)(1); (2) use of a deadly weapon in the commission of the offense, *see* § 13-702(C)(2); (3) presence of an accomplice,

---

[1]    The superior court did not identify the statute under which the sentence was imposed. It appears that the trial judge intended to impose the maximum super-aggravated sentence of twelve and one-half years under A.R.S. § 13-702.01(A). That subsection, however, applies only to persons convicted of a felony "without having previously been convicted of any felony." Because Anderson had a recent prior felony conviction, he was eligible for sentencing under the more punitive provisions of § 13-702.01(C). In order to facilitate appellate review, trial judges should indicate on the record the specific statutory subsection under which a criminal sentence is imposed.

*see* § 13-702(C)(4); (4) expectation of pecuniary gain, *see* § 13-702(C)(6); (5) conviction of a previous felony, *see* § 13-702(C)(11);[2] and (6) commission of the offense by ambush, *see* § 13-702(C)(16).[3]

¶5      Anderson claims that because none of these aggravating factors was submitted to the jury for determination, his aggravated sentence violates the Sixth Amendment of the United States Constitution as explicated in *Apprendi* and *Blakely*. Anderson did not raise this claim in the superior court, and we therefore review only for fundamental error. *See State v. Henderson*, __ Ariz. __, __ ¶ 19, 115 P.3d 601, 607 (2005).

---

[2]    Anderson acknowledged having been convicted of a felony in 1995, the year before the armed robbery in this case. That conviction qualified as a "historical prior felony conviction" under A.R.S. § 13-702.01(C). *See* A.R.S. § 13-604 (V)(2) (Supp. 2004) (defining "historical prior felony conviction"). The fact of a prior conviction may constitutionally be found by the trial judge, rather than the jury. *Apprendi*, 530 U.S. at 490.

[3]    The superior court did not identify any aggravator with specific reference to § 13-702(C). Rather, the judge simply stated as follows:

> The Court finds the following aggravating factors: That the offense was committed by inflicting serious bodily injury, that deadly weapons were used in the commission of the offense, that the offenses were committed with an accomplice, that the goal of the offense was pecuniary gain, that the defendant has a prior felony, and it was committed by ambush. The Court finds all of those aggravating factors to be substantial aggravating factors.

4

¶6    The jury found Anderson guilty of three counts of first degree murder. Those verdicts establish beyond a reasonable doubt the existence of the § 13-702(C)(1) "serious physical injury" aggravator. *See State v. Martinez*, __ Ariz. __, __ ¶ 27 & n.6, 115 P.3d 618, 625 & n.6 (2005) (finding (C)(1) aggravator for burglary and theft convictions established by jury verdict of guilt of first degree murder).

¶7    In addition, the jury concluded beyond a reasonable doubt that each of the murders was motivated by pecuniary gain. *See* A.R.S. § 13-703(F)(5).[4] Although the jury did not make a separate finding with respect to the motivation for the armed robbery, no reasonable jury could have failed to find the pecuniary gain aggravator, § 13-702(C)(6), under the facts of this case. The murders and the armed robbery were committed as part of a continuous course of conduct; the murders were the means by which the armed robbery was accomplished. Thus, under the facts of this case, the failure of the superior court to

---

[4]    Following an independent review of the record, this Court also concluded that a pecuniary gain motive was proved beyond a reasonable doubt for each of the murders. *Anderson*, 210 Ariz. at 351 ¶ 105, 111 P.3d at 393.

submit to the jury the issue of motivation for the armed robbery was at worst harmless error.[5]

**B.**

¶8      We held in *Martinez* that nothing in *Apprendi* or its progeny prohibits a trial judge from finding and relying on additional aggravating circumstances once facts sufficient to expose the defendant to a particular range of sentence have been found in conformity with the Sixth Amendment's jury trial requirement.  __ Ariz. at __ ¶ 26, 115 P.3d at 625.  In this case, for the reasons explained above, neither the finding of a historical prior felony conviction nor the findings of serious physical injury and a pecuniary gain motive violated the Sixth Amendment.  These findings were sufficient to expose Anderson to a sentence of twenty-three and one-quarter years under § 13-702.01(C).  Once a sentencing range up to this statutory maximum was authorized in a constitutional manner, the trial judge was

---

[5]     Given our resolution of this issue, we need not today determine whether a jury verdict of guilty for armed robbery is also a finding that the robbery was motivated by the expectation of the receipt of pecuniary gain.  *See* A.R.S. § 13-1902(A) ("A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person *with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property*.") (emphasis added).  *But cf. State v. Carriger*, 143 Ariz. 142, 161, 692 P.2d 991, 1010 (1984) (holding that a conviction of first degree felony murder based on the predicate felony of robbery does not establish the pecuniary gain aggravator set forth in § 13-703(F)(5) with respect to *the murder*).

6

permitted to find and rely upon additional aggravating factors in imposing the sentence within that range.

### III.

¶9        Because two aggravating factors and the existence of a historical prior felony conviction were found in accordance with the Sixth Amendment, the aggravated sentence for the armed robbery conviction was constitutionally imposed.  We therefore affirm that sentence.

_____
Andrew D. Hurwitz, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice