IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

AUG 30 2005

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2004-0222 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| JUAN MANUEL MOLINA, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20034193

Honorable Virginia Kelly, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and David A. Sullivan                          Tucson
                                                          Attorneys for Appellee

Creighton Cornell, P.C.
  By Creighton Cornell                                             Tucson
                                                          Attorney for Appellant

E C K E R S T R O M, Judge.

¶1        Appellant Juan Manuel Molina was convicted after a jury trial of unlawful imprisonment, a class six felony; aggravated assault with a deadly weapon or dangerous instrument, a class three felony; and aggravated assault causing temporary and substantial disfigurement, a class four felony. He was sentenced to concurrent, aggravated and partially aggravated terms of imprisonment, the longest of which was ten years. On appeal, Molina contends the trial court erred in denying his motion for judgment of acquittal on one of the two aggravated assault charges. He also challenges the sentences, claiming, *inter alia*, that the trial court erred by finding and considering aggravating circumstances, in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). We affirm.

**Factual and Procedural Background**

¶2        "We view the facts and all reasonable inferences therefrom in the light most favorable to upholding the verdicts." *State v. Tamplin*, 195 Ariz. 246, ¶ 2, 986 P.2d 914, 914 (App. 1999). On an evening in December 2003, E. walked to the home of his friend, John Rozanski (the codefendant), so they could "hang out" and "drink a few beers." Molina arrived at Rozanski's house later that night and prepared two, three-quarter-inch or inch-long "lines" of powdered cocaine for consumption. E. inhaled both of the "lines."

¶3        Angry that E. had inhaled the entire amount, both Rozanski and Molina attacked E. Rozanski knocked E. to the ground, pinned him, and punched his face and head. At some point, E.'s legs were tied together with extension cords. While Rozanski continued to hold E. to the ground, Molina removed E.'s shoes, doused his socks with

2

rubbing alcohol, and set fire to his bound feet. Molina also attacked E. by shocking him, pulling his pants down, and setting fire to his lower back, legs, and hands.

¶4 After beating and burning E., Molina and Rozanski dragged him into the bathroom and threatened him at gunpoint with further harm. E. testified that Rozanski and Molina then had "partied" through the rest of the night and had allowed E. to leave in the morning. E. walked home and immediately contacted the police.

¶5 As a result of the assault, E. suffered numerous bruises and facial fractures. He also received small burns on his hands, second-degree burns on his feet, and a third-degree burn on his lower back. The burns required medical treatment, including the use of antibiotic ointment; surgery was required to treat the burn on his back.

¶6 At the close of the state's case against him, Molina moved for a judgment of acquittal pursuant to Rule 20, Ariz. R. Crim. P., 17 A.R.S. The court denied the motion, and the jury found him guilty of the three offenses.

¶7 At sentencing, the trial court found the following aggravating circumstances: (1) Molina had been placed on probation "just a matter of weeks" before assaulting E.; (2) Molina had used cocaine on the night of the incident while on probation; (3) the manner in which Molina had attacked E. had caused him severe pain; (4) the fact that E. had required surgery after the assault; (5) Molina had been convicted of six prior misdemeanors, at least one of which involved the use of a firearm; and (6) Molina's lack of remorse. Based on those circumstances, the court sentenced Molina to a fully aggravated prison term on the

3

unlawful imprisonment conviction and partially aggravated terms on both aggravated assault convictions.

## Denial of Rule 20 Motion

¶8        Rule 20 requires the trial court to enter a judgment of acquittal before the verdict is rendered "if there is no substantial evidence to warrant a conviction." "'Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *State v. Hall*, 204 Ariz. 442, ¶ 49, 65 P.3d 90, 102 (2003), *quoting State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996). "If reasonable minds could differ on the inferences to be drawn from the evidence," which we construe in favor of upholding the trial court's ruling, the motion for judgment of acquittal must be denied and the decision will be affirmed. *State v. Sullivan*, 205 Ariz. 285, ¶ 6, 69 P.3d 1006, 1008 (App. 2003).

¶9        The state charged Molina with two counts of aggravated assault. The first charge, aggravated assault with a dangerous instrument or deadly weapon, was based on the theory that a burning, flammable liquid had been used as a dangerous instrument. *See* A.R.S. § 13-1204(A)(2). A dangerous instrument is "anything that under the circumstances in which it is used . . . is readily capable of creating a substantial risk of causing death or serious physical injury." A.R.S. § 13-105(11). On appeal, Molina contends the state presented insufficient evidence that the ignited alcohol had been used in a manner consistent

with the statutory definition of "dangerous instrument" because no serious physical injury resulted from the assault. We disagree.

¶10     Whether a victim actually suffered a serious physical injury is not an essential element of aggravated assault under § 13-1204(A)(2). Rather, the jury could conclude that Molina committed aggravated assault if he used a dangerous instrument to inflict "*any* physical injury to another person." § 13-1203(A)(1) (emphasis added); *see also* § 13-1204(A)(2). A physical injury is any "impairment of physical condition." § 13-105(29).

¶11     Here, the state presented substantial evidence to support the jury's finding that (1) Molina's assault with the flammable liquid was, under the circumstances in which it had been used, readily capable of creating a substantial risk of causing death or serious physical injury, and (2) that it did, in fact, cause some physical injury. A state criminalist testified that rubbing alcohol had been found in the charred carpet samples taken from Rozanski's house and that the substance is a "flammable liquid . . . like gasoline." According to E., Molina had "doused" E.'s socks with a liquid before setting fire to E.'s bound feet and lower back. E.'s physician, Dr. Hekimian, testified that E. had sustained burns to his back and extremities, including a third-degree burn to his lower back and buttocks. According to Hekimian, second- and third-degree burns can be life threatening if left untreated and, even appropriately treated, third-degree burns like those sustained by E. could leave "unsightly scars."

5

¶12 From this evidence, the jury reasonably could have concluded that Molina had poured a flammable liquid on E., had ignited it, and that the liquid was capable of causing and did cause third-degree burns. The jury also could reasonably conclude from the physician's testimony that when used to cause third-degree burns, the flammable liquid was readily capable of causing serious physical injury—even if it arguably did not do so in the instant case. *See* A.R.S. § 13-105(34) (defining "serious physical injury" as a "physical injury which creates a reasonable risk of death, or which causes serious and permanent disfigurement, serious impairment of health or loss or protracted impairment of the function of any bodily organ or limb"). Therefore, Molina's motion for judgment of acquittal was properly denied.

**Sentencing Error**

¶13 Molina alleges a variety of sentencing errors on appeal. He first urges this court to remand the case for resentencing because the aggravating circumstances were not found in conformity with *Blakely*'s requirements. Molina also argues there was insufficient evidence to support a number of the aggravating circumstances the trial court found. Finally, Molina argues the court improperly double-counted the actual ignition of the rubbing alcohol as an aggravating circumstance because that act was an element of the underlying offense.

6

### A. *Blakely* error

¶14        In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435, 455 (2000), the Supreme Court held that the Sixth Amendment requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely*, the Court refined *Apprendi*, holding that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. at ___, 124 S. Ct. at 2537. In Arizona, the statutory maximum is the presumptive term. *See State v. Brown*, 209 Ariz. 200, ¶ 12, 99 P.3d 15, 18 (2004) (the "maximum sentence" under *Apprendi* is the presumptive sentence); *State v. Johnson*, 210 Ariz. 438, ¶ 10, 111 P.3d 1038, 1041 (App. 2005) (same, with analysis). *Blakely* applies to cases, such as Molina's, that were pending on direct review when *Blakely* was decided. *See State v. Miranda-Cabrera*, 209 Ariz. 220, ¶ 26, 99 P.3d 35, 41 (App. 2004); *see also Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S. Ct. 708, 716, 93 L. Ed. 2d 649, 658 (1987) (new constitutional rules apply to cases that are not yet final).

¶15        Preliminarily, the state contends that Molina has waived his right to appeal his sentence under *Blakely* because, as it correctly observes, he failed to challenge his sentence on those grounds in the trial court. But, as our supreme court has recently noted: "Defendants who fail to object to error at trial do not, strictly speaking, 'waive' their claims.

7

Rather, defendants who fail to object to an error below forfeit the right to obtain appellate relief unless they prove that fundamental error occurred." *State v. Martinez*, 210 Ariz. 578, n.2, 115 P.3d 618, 620 n.2 (2005); *see also State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005) ("Fundamental error review . . . applies when a defendant fails to object to alleged trial error."). Accordingly, we review Molina's *Blakely* claims for fundamental error. Fundamental error is error that deprives the defendant of the possibility of a fair trial and is curable only by granting a new trial. *State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991). Molina bears the burden of persuasion, and he "must establish both that fundamental error exists and that the error in his case caused him prejudice." *Henderson*, 210 Ariz. 561, ¶ 20, 115 P.3d at 607.

¶16 In analyzing whether the prison terms here violated *Blakely,* we are mindful that, under the state's noncapital sentencing code, the sentencing body needs to find only one aggravating factor in conformity with *Blakely* standards to permit the imposition of an aggravated sentence. A.R.S. § 13-702(D). As the Arizona Supreme Court has recently held, so long as one aggravating factor is either in compliance with or exempt from the dictates of *Blakely*, "the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute." *Martinez,* 210 Ariz. 578, ¶ 26, 115 P.3d at 625.

¶17 The state contends that one of the aggravating factors the trial court relied on—Molina's six prior misdemeanor convictions—is exempt from the jury trial requirements

8

of *Blakely*. The state is correct that the fact of a defendant's prior convictions is *Blakely* exempt. *See Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63, 147 L. Ed. 2d at 455 ("[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added); *see also State v. Aleman*, 210 Ariz. 232, ¶ 26, 109 P.3d 571, 580 (App. 2005) (misdemeanor convictions *Blakely* exempt if secured in a Sixth Amendment-compliant manner). But the record before us does not support the state's contention that the trial court found the fact of Molina's prior misdemeanor convictions as a discrete aggravating factor. Instead, the court found Molina had "six prior misdemeanors, at least one [of which] involved threats with a firearm to someone else." And, the text of the sentencing minute entry suggests the trial court considered the alleged threats with a firearm the exclusive aggravating factor of his misdemeanor record—rather than the existence or number of Molina's prior misdemeanor convictions.[1]

**¶18** Of the six misdemeanor convictions—burglary, shoplifting, reckless driving, theft, threats and intimidation, and false reporting to law enforcement—none required the use of a firearm as an essential element of the offense.[2] The trial court's finding thus rested

---

[1]When itemizing the aggravating factors she had found, the court recharacterized the factor in question as follows: "At least one of the defendant's prior misdemeanors involved threats with a firearm."

[2]Although the presentence report contained brief synopses of the facts underlying each of the misdemeanor convictions, none of those synopses demonstrated that Molina either used or admitted using an actual firearm.

on a factual conclusion not inherent in those convictions. Accordingly, the trial court's consideration of Molina's alleged used of a firearm as an aggravating circumstance in the absence of a jury finding to that effect violated the requirements of *Blakely*. Because the trial court did not consider Molina's misdemeanor convictions as a specific aggravating circumstance apart from its conclusion that one of them involved a crime of gun violence, its consideration of that factor was neither *Blakely* compliant nor exempt.

¶19 Similarly, we reject the state's suggestion that the trial court considered the fact of Molina's prior felony conviction as an aggravating circumstance and that this factor was *Blakely* exempt. Instead, the court found that Molina had committed the instant offense after recently having been placed on probation for a prior offense.[3] Because this was not simply a finding that Molina had a prior felony conviction but instead focused on the proximity of time between Molina's placement on probation and the date he committed the offenses at issue here, it is not *Blakely* exempt.

¶20 Therefore we reject the state's contention that at least one aggravating circumstance considered by the trial court was *Blakely* compliant or exempt. And we must conclude that fundamental error occurred because the court aggravated Molina's sentence based exclusively on facts that were not found by the jury beyond a reasonable doubt. *See Henderson*, 210 Ariz. 561, ¶ 25, 115 P.3d at 608 ("[I]t is difficult to conceive that use of

---

[3]Molina pled guilty to attempted stalking on October 2, 2003, and was placed on three years' probation. Molina attacked E. eleven weeks later.

a procedure that denied rights guaranteed both by the Fifth and Sixth Amendments to the United States Constitution could be other than fundamental error.").

¶21     To be entitled to relief for fundamental error, Molina must also demonstrate that he suffered prejudice as a result of that error. *Id.* ¶ 20. Because the error in question involved the deprivation of the right to a jury trial as to a particular factual finding, we will find the error prejudicial if a reasonable jury, applying the appropriate standard of proof,[4] under the actual standards of a jury trial, could have reached a different result than did the trial judge. *Id.* ¶ 27. Therefore, we must assess prejudice by the following standard: Had the aggravating circumstance been submitted to a jury subject to a standard of proof of beyond a reasonable doubt and subject to challenge by the defendant through cross-examination or the presentation of contrary evidence, could a reasonable jury have reached a different conclusion than the trial court?

¶22     After reviewing the specific facts of this case, we conclude that Molina was not prejudiced by the trial court's finding that he had recently been placed on probation for another offense when he attacked E. *See State v. Bible*, 175 Ariz. 549, 572, 858 P.2d 1152, 1175 (1993) (noting that fundamental error review is "fact intensive"). At the sentencing hearing, the state presented a certified copy of a minute entry that showed Molina had been convicted of a felony on October 2, 2003, and he had been placed on probation. Molina

---

[4]The appropriate standard of proof is beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435, 455 (2000); *see also State v. Henderson*, 210 Ariz. 561, ¶ 25, 115 P.3d 601, 608 (2005).

did not object. Additionally, Molina's probation officer identified Molina in court and confirmed that Molina was on probation for that felony conviction when he committed the instant offenses on December 18, 2003. Molina chose not to cross-examine the probation officer or otherwise challenge that testimony, although he had every motivation to do so had the facts presented therein been refutable.[5] Nor does Molina challenge on appeal the sufficiency of the evidence supporting that aggravating circumstance as he does five of the other circumstances. Because we can find nothing in the record that causes us to question the evidence presented indicating that Molina had been on probation for a short time before assaulting E., we cannot say that "a reasonable jury applying the correct standard of proof could have reached a different conclusion than did the trial judge as to . . . [this] aggravat[ing] circumstance]." *Henderson*, 210 Ariz. 561, ¶ 28, 115 P.3d at 609. He was not, therefore, prejudiced by the trial court's finding of this aggravating factor.

**¶23** As noted above, our supreme court has found that "*a jury finding of a single aggravating factor* establishes the facts legally essential to expose the defendant to the maximum sentence," *Martinez*, 210 Ariz. 578, ¶ 21, 115 P.3d at 624 (emphasis added), and once that event has occurred, "the Sixth Amendment [then] permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in th[e] statute." *Id.* ¶ 26. For this reason, the only error we address

---

[5]The allegation of a prior conviction increased the sentencing range for his unlawful imprisonment conviction. *See* A.R.S. § 13-604(A). The allegation that he committed the offenses while on probation required that he receive at least the presumptive sentence on all three counts. *See* A.R.S. § 13-604.02(A) and (B).

12

is the failure of the trial court to find *one* aggravating circumstance in compliance with the standards set forth in *Blakely*. Once we determine, as we have above, that one aggravating circumstance would have been found by a jury had the court complied with the requirements of *Blakely*, we need not address whether the jury could have reached a different conclusion as to the other aggravating circumstances. Accordingly, we conclude that, although the trial court committed fundamental error when it imposed an aggravated sentence in the absence of a jury trial as to one or more of the aggravating circumstances, the error was not prejudicial to Molina.

## B. Sufficiency of evidence

¶24 Molina next argues that there was insufficient evidence to support five of the additional circumstances it found as a basis to impose an aggravated sentence. At the time the trial court sentenced Molina, such factors needed only be supported by "reasonable evidence." *State v. Viramontes*, 204 Ariz. 360, ¶ 14, 64 P.3d 188, 190 (2003); *see also State v. Meador*, 132 Ariz. 343, 347, 645 P.2d 1257, 1261 (App. 1982) (holding that aggravating circumstances need only be true and supported by reasonable evidence); *but see* 2005 Ariz. Sess. Laws, ch. 20, § 1 (effective Aug. 12, 2005) (amending prior version of A.R.S. § 13-702(D) to read "if the trier of fact finds at least one aggravating circumstance, the trial court may find *by a preponderance of the evidence* additional aggravating circumstances") (emphasis added).[6]

---

[6]Although our supreme court has recently stated that, as to aggravating factors not relevant to determining the appropriate statutory range, "the Sixth Amendment permits the

**¶25** Molina challenges the sufficiency of the evidence to support the trial court's findings that (1) he had used electric shocks to burn the victim's hands; (2) he had used cocaine at the codefendant's house on the night of the incident; (3) he had caused the victim to suffer extreme pain; (4) he had caused injuries requiring the victim to undergo "plastic surgery" and (5) he had demonstrated no remorse for his conduct.[7] We reject each challenge.

**¶26** First, Molina maintains that the trial record contains insufficient evidence that he used electric shocks on the victim. He points to an excerpt of E.'s testimony wherein E. acknowledged some uncertainty as to the specific device used to shock him. However, E. did not express similar uncertainty about whether he was shocked, or by whom. E.'s testimony was reasonable evidence from which the trial court could conclude that Molina had shocked E.'s hands.

**¶27** Second, Molina maintains that "[n]o testimony or evidence" substantiates that he used cocaine at Rozanski's house while on probation. Although Molina is correct that

---

judge to find those facts by a preponderance of the evidence," *State v. Martinez*, 210 Ariz. 578, ¶ 26, 115 P.3d 618, 625 (2005), we do not believe it intended by that language to replace the reasonable evidence standard for such findings in cases not subject to the recent legislative amendment to A.R.S. § 13-702(D). Rather, the court was merely addressing the specific facts of the case before it wherein the trial court had utilized the preponderance standard in finding the aggravating factors. *Id.* ¶ 3. Nor do we find it likely that the court intended, without analysis or other comment, to modify a standard it had so recently endorsed in *State v. Viramontes*, 204 Ariz. 360, ¶ 14, 64 P.3d at 190.

[7]As shall be discussed, Molina inaccurately characterizes the number and nature of the aggravating factors found by the court.

the trial record contains no such evidence, the trial court was not limited to evidence presented at trial in determining whether there was reasonable evidence to support this aggravating circumstance. *See* A.R.S. § 13-702(B) (permitting trial court to consider "any . . . information . . . submitted to the court . . . before sentencing" in aggravation or mitigation). Here, the "Defendant's Statement" in the presentence report contains Molina's concession that he and the codefendant "began consuming alcohol and using cocaine" at the codefendant's house before the incident occurred. The trial court was entitled to consider this admission to the probation officer as reasonable evidence in support of this aggravating circumstance. *See State v. Moreno*, 153 Ariz. 67, 70, 734 P.2d 609, 612 (App. 1986) ("Whether information in the pre-sentence report is reliable is largely within the discretion of the trial court and is generally admissible.").

¶28        Third, Molina argues that "[n]o evidence or testimony reflects the amount of pain the complainant experienced," and, therefore, the court lacked sufficient evidence to conclude that E. had suffered "extreme pain." We disagree. At trial, E. described his pain as "a lot of pain," "not just an average pain," and that it "hurt bad." When police responded to E.'s house after the incident, they found him yelling and crying from the pain. There was sufficient evidence to support the trial court's finding that the victim had suffered pain that could be characterized as extreme.

¶29        Fourth, Molina contests the trial court's finding that E. required "plastic surgery to try to repair the skin on his back." Although the trial record makes clear that a

15

plastic surgeon conducted surgery to excise the burnt tissue from E.'s back, Molina maintains that the operation was not technically "plastic surgery" because it did not require any skin grafts. Even if we were to accept Molina's invitation to quibble about the precise medical definition of "plastic surgery," E. told the probation officer that his wounds had required plastic surgery. That statement appeared in the presentence report and Molina did not challenge it. *See* Ariz. R. Crim. P. 26.8, 17 A.R.S. (providing for objections to and corrections of presentence report prior to hearing); *see also State v. Nichols*, 24 Ariz. App. 329, 330, 538 P.2d 416, 417 (1975) (defendant may waive objections to contents of presentence report by failing to raise issue before sentencing hearing). Because the trial court was entitled to rely on uncontested facts within the presentence report, there was reasonable evidence supporting the court's finding that E. had undergone plastic surgery to repair the skin on his back.

¶30         Finally, Molina challenges the trial court's finding that he lacked remorse for his actions. He does so exclusively on the ground that "no testimony substantiates this aggravator" and directs our attention to Molina's statements to the police and to the court wherein Molina respectively admits participation in the crime and indicates empathy for E.'s suffering.[8] However, the trial court explained the basis for its conclusion as follows: "You may be acknowledging [that] you're sorry for the injuries suffered by the defendant, but I'm

---

[8]Molina does not argue that the trial court's finding of lack of remorse implicated his Fifth Amendment privilege against self-incrimination. *See State v. Hardwick*, 183 Ariz. 649, 656, 905 P.2d 1384, 1391 (App. 1995).

not hearing from you nor do I see in your letter any acknowledgments that you are responsible for the infliction of those injuries."

¶31　　　　The record supports the trial court's conclusion. Molina initially admitted to investigating officers that he and his codefendant had inflicted the injuries E. had sustained. Molina also conceded that point at trial. However, when describing the incident in his presentence statement, he denied having had anything to do with harming E. In that statement, Molina further maintained that "he also [felt] like a victim because he was 'not guilty.'" Those statements, considered in light of Molina's previous admissions to the contrary provided the trial court with "reasonable evidence" from which it could conclude that Molina lacked remorse for his criminal actions. *See State v. Hardwick*, 183 Ariz. 649, 656, 905 P.2d 1384, 1391 (App. 1995) (defining remorse as "'a gnawing distress arising from a sense of guilt for past wrongs'"), *quoting Webster's Ninth New Collegiate Dictionary* (1984).

## C. Allegation of "double-counting"

¶32　　　　Finally, Molina argues that the trial court improperly considered an element of the underlying assault offenses as an aggravating circumstance, in violation of § 13-702(C)(1) and (2). Specifically, he contends the trial court should not have considered the fact that he had ignited E.'s back as an aggravating circumstance. Section 13-702(C)(1) and (2) provide, in relevant part, that the infliction of serious physical injury or the use of a deadly weapon or dangerous instrument may only be considered as aggravating

17

circumstances if they are not "essential element[s] of the offense of conviction or [have not] been utilized to enhance the range of punishment under [A.R.S.] § 13-604." Molina argues that both the infliction of a serious physical injury and the use of a dangerous instrument were implicit in the convictions, and may not, therefore, be relied on as aggravating circumstances.

¶33 Assuming without deciding that the gravamen of Molina's legal argument is correct,[9] Molina mischaracterizes the record and the nature of the aggravating circumstances found by the court. Taken in context, we do not believe that the court's mere reference to salient facts underlying the convictions indicate that it found those facts to be independent aggravating circumstances. Rather, the court's reference to Molina's actions toward E., and E.'s injuries, arose in the context of its findings that Molina had committed substantial new offenses shortly after being placed on probation for another offense and that E. had suffered extreme pain as a result of those actions. Our interpretation of the sentencing transcript is confirmed by the sentencing minute entry, which does not list either Molina's manner of inflicting the injuries on E. or the seriousness of the injuries as separate aggravating factors. Accordingly, we conclude that the trial court did not err by "double-counting" the elements of a dangerous nature aggravated assault when it sentenced Molina to aggravated prison terms.

---

[9]As explained, *supra*, Molina is incorrect that the jury needed to find that E. had suffered a serious physical injury to convict him of aggravated assault with a dangerous instrument.

18

**¶34**      Affirmed.

_____
PETER J. ECKERSTROM, Judge

CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Judge


_____
M. JAN FLÓREZ, Judge