IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,       )
                            )       2 CA-CR 2003-0165-PR
                Respondent, )       DEPARTMENT B
                            )
        v.                  )       O P I N I O N
                            )
FREDRIC B. CLEERE,          )
                            )
                Petitioner. )
                            )

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR200000433

Honorable Wallace R. Hoggatt, Judge

REVIEW GRANTED; RELIEF DENIED

Malanga Law Office
  By Ralph Malanga and Joel A. Larson                                    Bisbee
                                                          Attorneys for Petitioner

P E L A N D E R, Chief Judge.

¶1        This case returns to us from our supreme court, which granted the state's

petition for review, denied the petition for review filed by petitioner Fredric Cleere, vacated

our prior opinion in this case, and remanded the case to this court for reconsideration in light

of *State v. Martinez*, 210 Ariz. 578, 115 P.3d 618 (2005), and *State v. Henderson*, 210 Ariz. 561, 115 P.3d 601 (2005). *State v. Cleere*, Nos. CR-05-0214-PR, CR-05-0221-PR, 2006 WL 40904 (Ariz. Jan. 4, 2006). In our prior opinion in this case, we granted review of the trial court's ruling on Cleere's petition for post-conviction relief, filed pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S. And, in that opinion, we granted relief in part by vacating Cleere's sentence and remanding the case to the trial court for resentencing pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). *State v. Cleere*, 210 Ariz. 212, 109 P.3d 107 (App. 2005). Having previously vacated our prior opinion, based on our reconsideration, we now replace it with this opinion, granting review but denying relief.

## BACKGROUND

¶2       Indicted for armed robbery and attempted murder, Cleere pled guilty in March 2001 to attempted murder, a class two felony and dangerous nature offense. Following a mitigation hearing, the trial court sentenced him to a partially aggravated, fifteen-year prison term.[1] He successfully sought post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S., on the ground that the trial court erroneously had relied on his use of a dangerous instrument, a box cutter, both to establish the dangerous nature of the offense in order to enhance the range of sentence and then to aggravate his sentence. *See* A.R.S.

---

[1]Under A.R.S. § 13-604(I), the presumptive prison term for Cleere's conviction was 10.5 years, and the minimum and maximum terms were seven and twenty-one years. The parties' plea agreement, however, set a sentencing cap of fifteen years.

§§ 13-604(I), 13-702(C)(2); *see also State v. Glassel*, 211 Ariz. 33, n.17, 116 P.3d 1193, 1217 n.17 (2005).

¶3        At Cleere's resentencing in September 2002, the trial court again imposed a partially aggravated, fifteen-year sentence. Identifying Cleere's use of a dangerous instrument as the basis for enhancing his sentence, the court found as aggravating factors the infliction of very serious physical injury to the victim, whose throat Cleere had slit with the box cutter; the especially cruel manner in which Cleere had committed the offense; his having committed it for pecuniary gain; and the serious emotional and mental harm suffered by the victim. The trial court also found as mitigating factors Cleere's "clean record," "peaceable behavior over 36 years before this happened," and "expressed remorse."

¶4        Cleere then filed a second Rule 32 petition, again challenging his sentence. Claiming the trial court had relied on improper aggravating factors and had abused its discretion by imposing a $19,250 surcharge in addition to a $25,000 fine, Cleere again sought to be resentenced. The trial court granted partial relief by vacating the surcharge but otherwise denied the second petition. This petition for review followed. While the petition for review was pending, we granted Cleere's request for leave to file a supplemental memorandum based on *Blakely*.[2]

---

[2]*Blakely* applies to cases pending on direct review when *Blakely* was decided. *See State v. Ruggiero*, 211 Ariz. 262, n.3, 120 P.3d 690, 695 n.3 (App. 2005). *Blakely* also applies to cases pending on review of a trial court's denial of a pleading defendant's "of-right" petition for post-conviction relief under Rule 32, Ariz. R. Crim. P., 17 A.R.S. *See State v. Ward*, 211 Ariz. 158, ¶¶ 1, 7, 24, 118 P.3d 1122, 1124, 1125, 1129 (App. 2005).

**DISCUSSION**

¶5 Of the four aggravating factors found by the trial court, Cleere argues in the petition for review that one, serious physical injury, was an improper aggravating factor as a matter of law because, he claims, it is an element of the offense of attempted murder and thus expressly excluded from consideration by A.R.S. § 13-702(C)(1).[3] But Cleere is mistaken. Nowhere in the statutes that collectively define attempted murder is either infliction or threatened infliction of serious physical injury to the victim made an element of the offense. *See* A.R.S. §§ 13-1105, 13-1101, 13-1001. In fact, all that is required to sustain an attempted murder conviction is evidence of "some overt act or steps taken toward the commission of . . . [murder] and an intent to commit the crime." *State v. Routhier*, 137 Ariz. 90, 99, 669 P.2d 68, 77 (1983).

¶6 Thus, because the criminal attempt statute requires only intent and "any step in a course of conduct planned to culminate in commission of an offense," one could commit

---

Although this review relates to Cleere's second Rule 32 petition, that petition was "of right" because it followed a conviction pursuant to a plea agreement and the trial court's resentencing. *See* Ariz. R. Crim. P. 32.1. Finally, we note that the state argued in its petition for review to our supreme court that "*Blakely* should not be applied retroactively to cases on collateral review, including, as here, 'initial collateral review.'" But we do not infer from our supreme court's order granting the state's petition any agreement with that particular contention.

[3]Section 13-702(C)(1), A.R.S., requires a trial court to consider as an aggravating circumstance the "[i]nfliction or threatened infliction of serious physical injury, except if this circumstance is an essential element of the offense of conviction or has been utilized to enhance the range of punishment under § 13-604."

4

attempted murder by taking a step far short of inflicting or even threatening serious physical injury. *See* § 13-1001(A)(2); *see also State v. Williams*, 183 Ariz. 368, 382, 904 P.2d 437, 451 (1995) ("A person can, with a culpable state of mind, take an intentional step toward committing first degree murder without exerting or threatening to exert physical force on another person."); *State v. Mandel*, 78 Ariz. 226, 278 P.2d 413 (1954) (wife convicted of attempted murder in murder-for-hire plot when no physical harm came to husband because hit man contacted police). Consequently, because neither infliction nor threatened infliction of serious physical injury is an essential element of attempted murder, the severity of the victim's injuries was a permissible aggravating factor under § 13-702(C)(1) in this case.

¶7         Cleere further contends there was insufficient evidence to support the other three aggravating factors. And, in his supplemental memorandum, Cleere argues that the other three aggravating factors found by the court, which he did not admit and a jury did not find, were improperly used to aggravate his sentence in violation of *Blakely*. The state did not file a response to either Cleere's petition for review or his supplemental memorandum.

¶8         In its petition for review to the supreme court, however, the state argued Cleere had waived any *Blakely* issues by failing to raise them in the trial court. But, as our supreme court recently explained: "Defendants who fail to object to error at trial do not, strictly speaking, 'waive' their claims. Rather, defendants who fail to object to an error below forfeit the right to obtain appellate relief unless they prove that fundamental error occurred." *Martinez*, 210 Ariz. 578, n.2, 115 P.3d at 620 n.2; *see also Henderson*, 210 Ariz. 561,

¶ 19, 115 P.3d at 607 ("Fundamental error review . . . applies when a defendant fails to object to alleged trial error."). Accordingly, we review Cleere's claims of fundamental error relating to *Blakely*. *See Henderson*, 210 Ariz. 561, ¶ 1, 115 P.3d at 603; *see also State v. Aleman*, 210 Ariz. 232, ¶ 24, 109 P.3d 571, 579 (App. 2005); *State v. Thues*, 203 Ariz. 339, ¶ 4, 54 P.3d 368, 369 (App. 2002) ("[i]mposition of an illegal sentence constitutes fundamental error" that is not waived by defendant's failure to raise it).

**¶9** Fundamental error is "'error going to the foundation of the case, error that takes from the defendant a right essential to [the] defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607, *quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). "[W]e place the burden of persuasion in fundamental error review on the defendant." *Id.* ¶ 19. In order to obtain reversal based on unobjected-to trial error, a defendant must show "both that fundamental error exists and that the error in [his or her] case caused . . . prejudice." *Id.* ¶ 20; *see also State v. King*, 158 Ariz. 419, 424, 763 P.2d 239, 244 (1988); *Hunter*, 142 Ariz. at 90, 688 P.2d at 982.

**¶10** As noted above, the trial court found as aggravating factors the infliction of serious physical injury to the victim, cruelty, commission of the offense for pecuniary gain, and serious emotional and mental harm to the victim. For the reasons already stated, we have rejected Cleere's contention that the trial court erred as a matter of Arizona statutory law in considering the first factor, and he does not otherwise challenge on *Blakely* grounds

6

the court's consideration of that factor. Indeed, in his supplemental brief that specifically raised and addressed *Blakely*'s impact here, Cleere did not challenge on *Blakely* grounds the trial court's finding of serious physical injury to the victim as an aggravating factor. Absent any such argument, Cleere forfeited his right to challenge that aggravating factor under *Blakely*. *See State v. Glassel*, 211 Ariz. 33, n.17, 116 P.3d 1193, 1217 n.17 (2005) (defendant who never challenged certain aggravating factors on *Blakely* grounds "waived th[o]se issues by not raising them at trial or on appeal").

**¶11** Moreover, even had Cleere not waived any *Blakely* challenge to the aggravating factor of serious physical injury to the victim, and even assuming the trial court's finding of that factor constitutes fundamental error, Cleere could not establish any prejudice relating to that finding. One who asserts fundamental *Blakely* error "must show that a reasonable jury, applying the appropriate standard of proof, could have reached a different result [in finding an aggravator] than did the trial judge." *Henderson*, 210 Ariz. 561, ¶ 27, 115 P.3d at 609; *see also State v. Ruggiero*, 211 Ariz. 262, ¶ 27, 120 P.3d 690, 696 (App. 2005); *State v. Molina*, 211 Ariz. 130, ¶ 21, 118 P.3d 1094, 1100 (App. 2005) (fundamental *Blakely* error is prejudicial "if a reasonable jury, applying the appropriate standard of proof, under the actual standards of a jury trial, could have reached a different result than did the trial judge"). We then consider whether at least one aggravator "not subject to such a conclusion" remains to support the aggravated sentence imposed by the

trial court. *Henderson*, 210 Ariz. 561, ¶ 28, 115 P.3d at 609; *see also Martinez*, 210 Ariz. 578, ¶¶ 21, 26, 115 P.3d at 624, 625.

¶12    With those principles in mind, we cannot say that any reasonable jury, applying the standard of proof of beyond a reasonable doubt, could have reached a different conclusion than did the trial court on whether Cleere had inflicted serious physical injury to the victim by slashing her throat with a box cutter. Again, Cleere does not argue otherwise and never has challenged the fact that the victim sustained serious physical injury. As defense counsel acknowledged at the resentencing, Cleere "took a box cutter and he cut [the victim's] throat, and that's a horrible . . . thing to think about." The presentence report, to which defense counsel referred, reportedly stated that the victim's "cut went from ear to ear and the trachea was exposed." Moreover, counsel acknowledged that Cleere's act "was intended to kill," in that Cleere had "expos[ed] the [victim's] neck, [and went] for the proverbial jugular." In short, the trial court's finding of that fact as an aggravating factor under § 13-702(C)(1) did not prejudice Cleere and clearly was harmless. *See State v. Anderson*, 211 Ariz. 59, ¶ 7, 116 P.3d 1219, 1221 (2005) (trial court's failure to submit to jury issue of aggravating factor "was at worst harmless error"); *Glassel*, 211 Ariz. 33, ¶ 104, 116 P.3d at 1218 (no fundamental *Blakely* error when defendant could not establish that any reasonable jury would have failed to find aggravating factor); *Ruggiero*, 211 Ariz. 262, ¶ 28, 120 P.3d at 696.

8

¶13 Cleere argues the trial court's finding of the three aggravating factors other than serious physical injury violated *Blakely* because those factors were neither found by a jury beyond a reasonable doubt nor admitted by him. But, once the trial court found serious physical injury as an aggravating circumstance, an uncontested finding for which Cleere, in any event, has not established prejudice, the court "could properly consider the remaining factors to determine the specific sentence to impose on [him] within the aggravated range."[4] *Ruggiero*, 211 Ariz. 262, ¶ 29, 120 P.3d at 696-97; *see also Anderson*, 211 Ariz. 59, ¶ 8, 116 P.3d at 1221-22; *Glassel*, 211 Ariz. 33, ¶ 102, 116 P.3d at 1217; *Martinez*, 210 Ariz. 578, ¶ 26, 115 P.3d at 625; *State v. Burdick*, 211 Ariz. 583, ¶ 13, 125 P.3d 1039, 1042 (App. 2005); *Molina*, 211 Ariz. 130, ¶ 23, 118 P.3d at 1100.

**DISPOSITION**

¶14 We grant the petition for review but deny relief on the issues raised therein.

_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Judge

---

[4]Unlike the defendant in *State v. Molina*, 211 Ariz. 130, ¶¶ 24-31, 118 P.3d 1094, 1100-02 (App. 2005), Cleere does not challenge the sufficiency of the evidence to support any of the aggravating factors the trial court found.

_____
PHILIP G. ESPINOSA, Presiding Judge