NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FERNANDO VARGAS BENCOMO, *Appellant.*

No. 1 CA-CR 15-0465
FILED 3-31-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-133443-001
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Maurice Portley joined.

**N O R R I S,** Judge:

¶1        Fernando Bencomo timely appeals from his conviction and sentence for burglary in the third degree, a class 4 felony. After searching the record on appeal and finding no arguable question of law that was not frivolous, Bencomo's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.   This court granted counsel's motion to allow Bencomo to file a supplemental brief *in propria persona*, but Bencomo did not do so. After reviewing the entire record, we find no fundamental error and, therefore, affirm Bencomo's conviction and sentence.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2        On the evening of July 11, 2014, Bencomo entered a hotel restaurant and bar.  Wearing only blue jeans and no shirt, he walked up to the bar and asked the bartender, "What do you have to drink here?"  The bartender, who had seen Bencomo running in the courtyard of the hotel earlier in the night, observed that Bencomo had a "startling" demeanor. Even though a few minutes remained before the establishment's 11:00 p.m. closing time, the bartender told Bencomo they were closed.  Bencomo swore and approached the bartender, who was standing behind the bar in an area inaccessible to patrons.  Fearing she might be blocked in behind the bar by him, the bartender moved out of his way.  Bencomo then stepped behind the bar and grabbed two bottles of rum saying "Well, I'll just take it to go." He then left the restaurant without paying for the rum.  The bartender immediately called 911 and gave a physical description of Bencomo.

¶3        Subsequently, a hotel employee observed a shirtless man in blue jeans running away from the hotel.  Another hotel employee also saw a man in blue jean shorts and no shirt leaving the property.  A detective

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Bencomo**.** *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

later picked up Bencomo around midnight, when he observed an individual matching Bencomo's description walking along a side-walk and carrying two bottles. At trial, the three hotel employees positively identified Bencomo.

¶4        An eight person jury found Bencomo guilty of burglary in the third degree, a class four felony. At the sentencing hearing, the superior court found Bencomo had four prior felony convictions, including two historical prior felony convictions, one for aggravated assault committed in 2012, *see* Arizona Revised Statutes ("A.R.S.") section 13-105(22)(c) (2014),[2] and one arising out of three offenses Bencomo committed on the same occasion in 2008, which the court treated as one conviction, *see* A.R.S. §§ 13-105(22)(d), -703(L) (2014); and two prior felony convictions, from 2000 and 2004, which the court found were aggravating circumstances.[3]  *See* A.R.S. § 13-701(D)(11), (25) (2014). After considering the aggravating circumstances and the mitigating circumstances, the superior court sentenced Bencomo to a mitigated sentence of seven years imprisonment and awarded him 168 days of presentence incarceration credit.

## DISCUSSION

¶5        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Bencomo received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶6        The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charge, Bencomo's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a

---

[2] We cite to the statutes in effect as of the date of Bencomo's offense.

[3] The sentencing minute entry does not state the specific statutory subsections the court relied on in finding the two historical prior felony convictions and the two separate aggravating circumstances. As our supreme court has explained, to "facilitate appellate review, trial judges should indicate on the record the specific statutory subsection under which a criminal sentence is imposed." *State v. Anderson*, 211 Ariz. 59, 60 n.1, ¶ 4, 116 P.3d 1219, 1220 n.1 (2005).

presentence report, Bencomo was given an opportunity to speak at sentencing, which he did, and his sentence was within the range of acceptable sentences for his offense.

## CONCLUSION

**¶7**      We decline to order briefing and affirm Bencomo's conviction and sentence.

**¶8**      After the filing of this decision, defense counsel's obligations pertaining to Bencomo's representation in this appeal have ended. Defense counsel need do no more than inform Bencomo of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶9**      Bencomo has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Bencomo 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED : ama