142 P.3d 701

STATE of Arizona, Appellee,

v.

John Karl MUNNINGER, Appellant.

No. 1 CA–CR 03–0328.

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 8, 2006.

Review Denied Feb. 8, 2007.

394

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Joseph T. Maziarz, David Wood, Assistant Attorney Generals, Criminal Appeals Section, Phoenix, Attorneys for Appellee.

Maricopa County Public Defender By James L. Edgar, Deputy Public Defender, Phoenix, Attorney for Appellant.

## SUPPLEMENTAL OPINION

IRVINE, Judge.

¶ 1 Munninger was charged with aggravated assault, a class three dangerous felony. A jury convicted him, finding that the offense was dangerous. The trial court imposed an aggravated and enhanced sentence of 12.5 years in prison. The presumptive sentence was 7.5 years and the maximum was 15 years. On appeal we held that *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), decided while Munninger's appeal was pending, required resentencing. *State v. Munninger,* 209 Ariz. 473, 104 P.3d 204 (App.2005). The Supreme Court of Arizona remanded this matter for reconsideration in light of *State v. Martinez,* 210 Ariz. 578, 115 P.3d 618 (2005) and *State v. Henderson,* 210 Ariz. 561, 115 P.3d 601 (2005). After reconsideration, we affirm the sentence imposed by the trial court.

¶ 2 *Martinez* held that a single *Blakely-*exempt or *Blakely-*compliant factor [1] permits the imposition of an aggravated sentence. 210 Ariz. at 585, ¶ 26, 115 P.3d at 625. The supreme court found that the jury's verdict implicitly found an aggravator. *Id.* at 585–86, ¶ 27, 115 P.3d at 625–26. Accordingly, the sentencing judge in *Martinez* did not violate *Blakely* by relying on other factors to determine the length of Martinez's aggravated sentence. *Id.*

■ ¶ 3 In our previous opinion, we found that the superior court used three factors to justify an aggravated sentence for Munninger: extraordinary harm to the victim, viciousness of the crime and use of a weapon.[2] None of these facts were either *Blakely-*

compliant or *Blakely-*exempt.[3] Accordingly, the holding of *Martinez* does not directly apply. Consequently, because no aggravating factor found by the jury and no aggravating factor not subject to the requirement of a jury finding is present in this case, the superior court erred in imposing an aggravated sentence.

■ ¶ 4 Nevertheless, we must consider whether the *Blakely* error at issue in this case requires us to reverse Munninger's sentence. *Henderson* held that if a defendant does not object at trial a *Blakely* error is subject to fundamental error review and the defendant bears the burden of establishing that he was prejudiced by the error. 210 Ariz. at 567, ¶ 19, 115 P.3d at 607. This burden requires a defendant to "show that a reasonable jury, applying the appropriate standard of proof, could have reached a different result [in finding an aggravator] than did the trial judge." *Id.* at 569, ¶ 27, 115 P.3d at 609.

¶ 5 *Henderson* involved a super-aggravated sentence, so the issue was whether two aggravating factors existed.

> If we find that a reasonable jury applying the correct standard of proof could have reached a different conclusion than did the trial judge as to any or all aggravators, we must then consider whether at least two aggravators not subject to such a conclusion remain to sustain the defendant's super-aggravated sentence. If not, the defendant has made an adequate showing of prejudice.

*Id.* at 569, ¶ 28, 115 P.3d at 609 (internal citations omitted). The court found that one, but only one, such circumstance was present: the age of the victim. *Id.* at 570, ¶ 33, 115 P.3d at 610. The defendant, therefore, had successfully demonstrated that he had been

---

1. Prior convictions are *Blakely-*exempt because the sentencing court may consider them even if a jury does not find them. *Blakely v. Washington,* 542 U.S. at 301, 124 S.Ct. 2531.

2. *Munninger,* 209 Ariz. at 484, ¶¶ 34–37, 104 P.3d at 215. In its supplemental brief the State argues that the viciousness of the crime was not a separate aggravating factor, but merely part of the explanation of the extraordinary harm to the victim. Given our resolution of the issues involv-

ing the two aggravating factors expressly addressed by the trial court, it is unnecessary for us to address whether the viciousness of the crime is a separate aggravating factor.

3. Our opinion rejected the possibility that the use of a weapon or the seriousness of the injury could be used to (1) prove guilt, (2) find dangerousness and (3) aggravate the sentence. 209 Ariz. at 485, ¶ 38, 104 P.3d at 216.

prejudiced by the *Blakely* error because "the victim's age, by itself, could not expose Henderson to [a] super-aggravated sentence." *Id.* at 570, ¶ 34, 115 P.3d at 610.

¶ 6 In this case, Munninger's sentence was not super-aggravated, so only a single aggravating factor would be enough to expose him to an aggravated sentence. Therefore, we must consider whether at least one aggravator remains to sustain the aggravated sentence.

■ ¶ 7 In our previous opinion we determined that one aggravating fact, the victim's extraordinary harm, was "indisputable." *Munninger,* 209 Ariz. at 485, ¶ 40, 104 P.3d at 216. In other words, no reasonable jury would disagree with the judge's finding that the victim suffered extraordinary harm. In light of this finding, and applying *Henderson,* it was not fundamental error for Munninger to be exposed to an aggravated sentence. *See also State v. Brown,* 212 Ariz. 225, 231 n. 5, ¶ 28, 129 P.3d 947, 953 n. 5 (2006) (noting "that judicial factfinding may be harmless error when no reasonable jury could have reached a determination contrary to that made by the judge.").

■ ¶ 8 We also conclude that it was not fundamental error for the trial court to consider other aggravating circumstances that are not *Blakely*-compliant in determining a sentence. As noted above, viciousness of the crime was also considered by the trial court and this factor was neither found by a jury nor found by this court to be indisputable. Nevertheless, once the sentencing range is expanded to allow an aggravated sentence, whether by proof of a *Blakely*-compliant factor or a finding under *Henderson* that reliance on an aggravator is not fundamental error, we see no reason why the rationale of *Martinez* does not apply to allow other factors to be considered. *See also State v. Cleere,* 213 Ariz. 54, 138 P.3d 1181 (App. 2006); *State v. Molina,* 211 Ariz. 130, 118 P.3d 1094 (App.2005). Consequently, *Blakely* does not require resentencing.

¶ 9 This does not, however, end our analysis. In our prior opinion we found that the trial judge improperly considered the use of a dangerous instrument or deadly weapon as

an aggravating factor. We addressed this in the *Blakely* context and concluded that cases decided by both the supreme court and this court generally required resentencing when an invalid aggravating factor was relied upon by the trial court. We explained:

> When a trial court relies on an improper factor, and we cannot be certain that it would have imposed the same sentence absent that factor, we must remand for resentencing. A sentencing error involving the improper consideration of aggravating factors is harmless only if we can be certain that, absent the error, the court would have reached the same result. [*State v.*] *Hardwick,* 183 Ariz. [649] at 656–57, 905 P.2d [1384] at 1391–92 [ (App. 1995) ]. After weighing and balancing aggravating and mitigating factors, the sentencing judge may "impose a just sentence anywhere within the range authorized by statute." *State v. Henderson,* 133 Ariz. 259, 263, 650 P.2d 1241, 1245 (App.1982), *overruled in part on other grounds by State v. Pena,* 140 Ariz. 544, 683 P.2d 743 (1984). The reversal of a single aggravating factor may mean that "the sentencing calculus ... has changed." *Lehr,* 205 Ariz. at 109, ¶ 8, 67 P.3d at 705. The exercise of sentencing discretion is the trial court's, not ours. *See A.H. by Weiss v. Superior Court,* 184 Ariz. 627, 630, 911 P.2d 633, 636 (App.1996) ("[T]he sentence to be imposed is completely within the discretion of the trial judge."). The reversal of some aggravating factors affects the balance of all the circumstances, aggravating and mitigating, and the balancing process is within the realm of the sentencing judge.

*Munninger,* 209 Ariz. at 485, ¶ 41, 104 P.3d at 216. The question before us is whether this reasoning still applies now that *Blakely* is no longer an issue.

¶ 10 It appears to be undisputed that there was no objection below to the improper use of the dangerous instrument/deadly weapon aggravating factor. Indeed, in his opening brief Munninger stated it was a proper aggravating factor, and did not challenge it on appeal. Therefore, we review only for fundamental error. Again applying *Henderson,* the issue becomes whether the error was

both fundamental and prejudicial. Once again, the burden is on the defendant.

¶ 11 Fundamental error will only be found in "those rare cases that involve 'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Henderson*, 210 Ariz. at 567, ¶ 19, 115 P.3d at 607 (quoting *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984)). Generally, "[i]mposition of an illegal sentence constitutes fundamental error." *State v. Thues*, 203 Ariz. 339, 340, ¶ 4, 54 P.3d 368, 369 (App.2002). *But see Washington v. Recuenco*, ── U.S. ──, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) (holding *Blakely* error is not structural error entitling a defendant to automatic reversal).

¶ 12 In this case, Munninger did not receive an illegal sentence. His sentence was within the aggravated range prescribed for his offense. The sentencing judge "explicitly found that each of the aggravating factors alone would outweigh the mitigating factors." *Munninger*, 209 Ariz. at 486 n. 14, ¶ 42, 104 P.3d at 217 n. 14. Thus, it is clear that an aggravated sentence would have been imposed even if the improper aggravator had not been used. Under these circumstances, we do not believe any error was fundamental.

¶ 13 We find support for this conclusion in a recent supreme court case. In *State v. Glassel*, 211 Ariz. 33, 116 P.3d 1193 (2005), the supreme court addressed a similar issue, concluding:

> We note that because Glassel's use of a deadly weapon was used to enhance the range of punishment under section 13–604(I), the trial court erred in relying on Glassel's use of a deadly weapon as an aggravating circumstance. *See* A.R.S. § 13–702(C)(2).... Glassel, however, has waived these issues by not raising them at trial or on appeal.

*Id.* at 57 n. 17, ¶ 101, 116 P.3d at 1217 n. 17. In specifically addressing the Blakely claim, the court concluded: "And because Glassel does not challenge the trial court's use of any

of the other aggravating circumstances, his claim that the trial court's imposition of aggravated sentences violated the holding of *Blakely* fails." *Id.* at 58, ¶ 104, 116 P.3d at 1218. In *Glassel*, the supreme court plainly recognized the error of using an improper aggravating factor, but did not find it to be fundamental.

¶ 14 We also conclude that Munninger has not met his burden of showing that he was prejudiced by the use of the improper aggravating factor. He asks us to speculate that the sentencing judge might have sentenced him to less than 12.5 years if the weapon aggravator was not considered, but there is no support in the record for such speculation. Before *Henderson*, as we discussed in our prior opinion, the standard was whether we were certain the sentence would be the same absent the improper factor. *Munninger*, 209 Ariz. at 485–86, ¶¶ 41–42, 104 P.3d at 216–17. *Henderson* clarifies, however, that the burden is on the defendant to demonstrate prejudice.[4] It is plain from the transcript that the trial court intended to impose an aggravated sentence—something between 7.5 and 15 years. The transcript contains no evidence to support defendant's claim that it would have been less than 12.5 years. Given that the burden is on the defendant, prejudice has not been shown.

¶ 15 We note that a case from Division Two of this court has also found that simply considering an improper aggravating factor is not reversible error under *Henderson*:

> Citing *State v. Carriger* [143 Ariz. 142, 692 P.2d 991 (1984)], Ruggiero also argues that "[t]he trial court committed fundamental error by considering the improper aggravating factor of failure to accept responsibility." But, Ruggiero did not object below and we therefore review this claim for fundamental error. We agree with Ruggiero that the fact that a defendant "chooses not to publicly admit ... guilt ... is irrelevant to a sentencing determination." But, Ruggiero has not demonstrated how the error prejudiced her and

---

4. *Henderson* expressly mandated: "To the extent that any prior decisions are inconsistent with

today's holding, we disapprove of them." 210 Ariz. at 568, ¶ 21, 115 P.3d at 608.

has therefore failed to carry her burden under fundamental error review.

State v. Ruggiero, 211 Ariz. 262, 269 n. 6, ¶ 29, 120 P.3d 690, 697 n. 6 (App.2005) (citations omitted). Equally, Munninger has failed to carry his burden.

## CONCLUSION

¶ 16 Accordingly, we affirm the sentence imposed by the trial court.

CONCURRING: PATRICIA K. NORRIS, Judge.

LANKFORD, Judge, Concurring in Part and Dissenting in Part.

¶ 17 There is much in the majority's opinion with which I agree. I concur that *Martinez* does not apply because no aggravating factor was found by a jury and no fact exempt from a jury finding is present. I also agree that the holding of *Henderson* does not apply. In *Henderson,* the sentence was vacated, while in this case the majority affirms the sentence. Moreover, as the majority points out, in paragraphs 5 and 6, *supra, Henderson* involved a super-aggravated sentence requiring a finding of at least two aggravating facts, while in this case an ordinary aggravated sentence could be imposed based on a single fact.

¶ 18 The difficulty lies in deciding what remedy, if any, to apply given the indisputable constitutional error. In deciding that no remedy is available, the majority errs in two respects.

¶ 19 The first error lies in treating the inquiries into whether *Blakely* error occurred and whether the error is prejudicial as the same. Indeed, our prior opinion recognized the difference. *See* 209 Ariz. at 479, ¶ 15, 104 P.3d at 210. The majority nevertheless argues that because the sentence imposed was "within the aggravated range," *supra* ¶ 12, defendant was not affected by the error. This implicitly borrows from *Mar-*

tinez, which the majority concedes is inapplicable.[5] In *Martinez,* our supreme court held that one *Blakely*-compliant or *Blakely*-exempt fact was enough to comport with the constitutional requirement of jury findings of aggravating sentencing facts. *Martinez* addressed whether error occurred, not whether the error was reversible.

¶ 20 Our decisions, and those of our supreme court, have long held that the inquiry into prejudicial sentencing error involves a comparison between the sentence imposed and the sentence that might or would have been imposed absent the error. *See Munninger,* 209 Ariz. at 485, ¶ 41, 104 P.3d at 216 (citing cases). Thus, the question is not whether the sentence without the error would also have been a sentence aggravated to some degree, as the majority suggests, but whether the sentence would have been of the same duration.

¶ 21 This longstanding analysis reflects the realities of Arizona's sentencing system. An aggravated sentence is one that, as the majority recognizes, falls within a range. The degree of punishment depends upon the weighing of aggravating and mitigating facts. Any number of aggravating facts, from one to many, could bear on the judge's determination of the degree of punishment. It seems obvious that the more numerous the aggravating factors, and the more serious those facts, the greater become the justification and likelihood of lengthier punishment.

¶ 22 It is therefore not enough to say that one factor is enough and "an aggravated sentence would have been imposed." *Supra* ¶ 12. The question is instead whether the same length of sentence would have been imposed if the trial court had jury findings of three aggravating factors instead of just one.

¶ 23 My second difficulty with the majority's decision is that it means that *Blakely* error is almost never remediable. Unless the error falls within the extraordinary cir-

---

**5.** The "one factor" analysis does not necessarily transfer from the question whether there was a violation to whether the violation was prejudicial. It is one thing to say that a single fact found by a jury, or a single fact exempt from the required jury finding, complies with *Blakely's* demand that aggravating facts be submitted to a jury. It is quite another to say that, although every fact found violated the *Blakely* mandate, if a jury would have found just one of several aggravating facts upon which the sentence rested, the defendant is not prejudiced because the sentence is unaffected.

cumstances of *Henderson's* missing super-aggravating fact, the defendant cannot show that he was prejudiced. The majority's holding is essentially that, if one harmless sentencing error occurred, *ipso facto* all other errors are harmless.

¶ 24 The majority would apparently so hold even if the sentencing judge had said that the sentence would be shorter with only two aggravating factors, and shorter still with only one. That is because the majority is satisfied with a single aggravating factor authorizing the judge to impose *some* sentence within the aggravated range. It would not matter that the actual sentence would have been aggravated, but aggravated to a lesser degree.

¶ 25 But it surely is not harmless for a defendant to be sentenced to a greater sentence than the facts justify. If with only the single proper aggravating fact this defendant would have received an eleven-year sentence instead of the twelve and one-half years imposed, who would regard the eighteen months of additional, unlawful imprisonment as harmless? The Arizona Supreme Court opined in *Henderson* that the error should be analyzed for prejudice to defendant. Moreover, it said that defendant bears the burden of establishing prejudice. But it did not describe that burden, and merely said that defendant had met it on the facts. It did not say that the defendant must prove that his sentence would not have been aggravated without the erroneous sentencing factors, as the majority requires here. Nor did it say that defendant must show that his sentence would have been shorter without those factors.

¶ 26 If a defendant were obligated to prove that the sentence would have been shorter or not aggravated at all, there would be no remedy for *Blakely* error in cases such as this. No defendant can meet such a high burden. The majority condemns defendant's argument that his sentence would have been shorter as "speculation." *Supra* ¶ 14. But a defendant cannot do more than appeal to the logic that a shorter sentence could well have resulted if two of three significantly aggravating factors were subtracted from the sentencing equation.

¶ 27 No defendant is able to point to a trial record in which the sentencing judge discussed the hypothetical sentences with fewer aggravating facts than the judge used in imposing sentence. In reviewing more than 3,000 criminal appeals over the years, I have yet to see a single case in which the sentencing judge did so. Busy trial judges lack the time to engage in such hypothetical exercises.[6] It is enough, in my opinion, that it appears likely that a different length of imprisonment would have been imposed with only one significant aggravating factor instead of three.

¶ 28 I also do not believe that *State v. Glassel* supports the majority, as it contends. *Supra* ¶ 13. The majority overlooks that Glassel challenged only one of many aggravating facts; he did not challenge any of the others as constituting *Blakely* error. 211 Ariz. at 58, ¶ 104, 116 P.3d at 1218. The only alleged *Blakely* error was a factor the court found implicit in the jury's verdict and therefore exempt from the requirement of a jury finding. *Id.* Accordingly, there was no *Blakely* error, as there is in the present case. Nor, apparently, was there any room for an argument that a jury would not have found the same aggravating facts. *See id.* at 57 n. 17, ¶ 101, 116 P.3d at 1217 n. 17.

¶ 29 The standard to be applied for prejudicial error is the one that Arizona courts have used for many years: Are we certain that the same sentence would have been imposed absent the erroneous factors? *See Munninger,* 209 Ariz. at 485, ¶ 41, 104 P.3d at 216 (citing cases). *See also Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (court must be convinced that error was harmless beyond a reasonable doubt). That question requires analysis of both the number and quality of aggravating factors. *See State v. Greene,* 192 Ariz. 431, 443, ¶ 60, 967 P.2d 106, 118 (1998) (supreme court weighing aggravating and mitigating factors in death penalty case). We have

---

**6.** The judge would have had to pronounce six alternative sentences in this case to indicate what the sentences would have been if any factor were found invalid on appeal: the sentences with any one of the three factors taken alone, and any pair of the three factors.

already determined that we cannot be certain that the penalty would have been the same without reliance on the erroneous factors. 209 Ariz. at 485, ¶ 41, 104 P.3d at 216. Neither *Martinez* nor *Henderson* addressed this analysis, and the State's petition for review from our prior decision did not raise the issue. I see no reason to depart from our prior reasoning.

¶ 30 On the contrary, departing from the historical method of assessing sentencing error presents a new and significant problem. The reversal of any sentencing factor can mean that "the sentencing calculus ... has changed." *State v. Lehr*, 205 Ariz. 107, 109, ¶ 8, 67 P.3d 703, 705 (2003). By statute, sentencing is a matter of discretion for the trial courts to exercise. "[T]he sentence to be imposed is completely within the discretion of the trial judge." *A.H. by Weiss*, 184 Ariz. at 630, 911 P.2d at 636. When we uphold a sentence as "within the range" that the trial judge could have imposed, but that the trial judge would not have imposed, we usurp that discretion. We should instead remand to allow the trial court to impose the sentence that it determines to be justified by the properly considered sentencing facts. If that sentence differs, we have done justice to the defendant and upheld the trial court's discretion. If the sentence remains the same, we have done no more mischief than require that the sentencing judge think twice about the severity of punishment.

¶ 31 Accordingly, I dissent from that part of the Court's opinion that affirms a sentence that is conceded to be erroneously based on improper sentencing factors. I would instead remand for resentencing, as we directed in our prior opinion.