NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JEFFREY PAUL COSTA, *Appellant*.

No. 1 CA-CR 13-0870

FILED 1-8-2015

---

Appeal from the Superior Court in Mohave County
No.  CR2011-01313
The Honorable Steven F. Conn, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kenton D. Jones joined.

---

**B R O W N**, Judge:

¶1        Jeffrey Paul Costa ("Costa") appeals his conviction and sentence for second degree murder. He challenges only the sentence imposed, asserting that the determination of whether he was on parole at the time of offense should have been made by a jury. We agree that a jury should have considered Costa's parole status; however, because he was not prejudiced by the error, we affirm.

## BACKGROUND

¶2        In November 2011, Costa attacked the victim with a "glass tumbler" in the victim's home. Leaving the victim motionless on the floor, Costa took the victim's car and cell phone and drove to California. A few days later, upon hearing that the victim had died from his injuries, Costa surrendered to California police.

¶3        A grand jury indicted Costa on a single count of second degree murder, a class 1 felony. At trial, Costa admitted he had been convicted of two prior felonies. A jury convicted Costa as charged and found that the State had proven the existence of one aggravating factor, the use of a dangerous instrument.

¶4        Prior to sentencing, the trial court held a hearing on the State's allegations that Costa had prior felony convictions and that he committed the offense while on parole. The court found, as an aggravating factor, that the State proved beyond a reasonable doubt that Costa was convicted of robbery in California and that the offense occurred in 2005. Regarding the allegation that Costa was on parole at the time of the second degree murder, the court admitted a certified copy of a chronological history or "pen pack" of Costa's status in the California Department of Corrections. According to the State, the pen pack established that Costa had been paroled in December 2009 and remained on parole at the time of the murder because he had a parole hearing scheduled for November 14, 2011 that was put on hold because of his arrest in this case. The court then found that the State proved

beyond a reasonable doubt that Costa was on parole when he committed the instant offense.

¶5        After considering additional statements from counsel, the court found that Costa's decision to surrender himself to California police was a mitigating factor.  The court then sentenced Costa to an aggravated sentence of 21 years' imprisonment, with 723 days credit for time served.  Costa timely appealed.

## DISCUSSION

¶6        At the time the offense was committed, the presumptive sentence for a person convicted of second degree murder was 16 calendar years, the minimum sentence was 10 calendar years, and the maximum aggravated sentence was 22 calendar years.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-710(A) (2011).  The applicable sentencing statutes provided further that "[a] person who is convicted of any felony involving a dangerous offense that is committed while the person is on . . . parole . . . shall be sentenced to imprisonment for not less that the presumptive sentence . . . and is not eligible for suspension or commutation or release on any basis until the sentence imposed is served."  A.R.S. § 13-708(A).  Costa argues that the trial court erred because a jury should have determined his parole status.

¶7        In *Apprendi v. New Jersey*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. 466, 490 (2000).  Providing additional clarification, in June 2013 the Supreme Court held that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum."  *Alleyne v. United States*, __ U.S. __, __, 133 S. Ct. 2151, 2160 (2013).

¶8        Section 13-708(A) increases the statutory mandatory minimum sentence from a mitigated sentence to the presumptive sentence.  *State v. Flores*, 201 Ariz. 239, 241, ¶ 8, 33 P.3d 1177, 1179 (App. 2001).  Thus, Costa was entitled to have a jury determine his parole status because it exposed him to a sentence beyond the statutory minimum.  *See State v. Large*, 234 Ariz. 274, 279, ¶ 15, 321 P.3d 429, 444 (App. 2014) ("We conclude, in light of *Alleyne*, that Large was entitled to have a jury determine his parole status[.]").  When a defendant fails to object to an alleged error at trial and preserve the issue for appeal, our review is generally limited to fundamental error.  *State v. Henderson*, 210 Ariz. 561, 565–68, ¶¶ 11–22, 115 P.3d 601, 605–08 (2005).  In *Large*, this court held that it would review for

harmless error because applying fundamental error review would be "inappropriate" given that the defendant had been convicted and sentenced before the Supreme Court announced its decision in *Alleyne*. *Large*, 234 Ariz. at 280, ¶ 18, 321 P.3d at 445.

¶9 Although Costa did not raise any argument in the trial court that his parole status should have been decided by a jury, he contends we should review for harmless error because *Large* had not yet been decided and *Alleyne* had not yet been "applied" to Arizona. Unlike the situation in *Large*, *Alleyne* had been decided for several months before Costa was tried or sentenced. Thus, we decline to apply harmless error review in this case.

¶10 To prevail under fundamental error review, Costa must establish that fundamental error exists and that the error was prejudicial. *Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607. An error is fundamental if a defendant shows "that the error complained of goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Id.* at 568, ¶ 24, 115 P.3d at 608.

¶11 The State concedes that Costa was entitled to have a jury determine his parole status and that the error is fundamental. However, the State asserts no prejudice occurred because the trial court would have imposed the same sentence even if the statutory minimum had not been increased due to the parole finding. Costa, on the other hand, argues he was prejudiced because the pen pack included "numerous undefined terms and initials" and a reasonable jury could have found that the State failed to prove beyond a reasonable doubt he was on parole at the time of the Arizona offense and thus the court could have imposed a less severe sentence.

¶12 Costa has the burden of establishing prejudice, which is a fact-intensive inquiry that differs from case to case. *See Henderson*, 210 Ariz. at 568, ¶ 26, 115 P.3d at 608. Costa must therefore show that a reasonable jury could have concluded that the State failed to meet its burden of proving he was on parole at the time he committed the second degree murder. *See id.* at 569, ¶ 27, 115 P.3d at 609. Additionally, Costa must show he could have received a lesser sentence. *State v. Trujillo,* 227 Ariz. 314, 318, ¶ 16, 257 P.3d 1194, 1198 (App. 2011). When a trial court makes clear at sentencing that the same sentence would have been given even without the improper factor, re-sentencing is unnecessary. *State v. Munninger*, 213 Ariz. 393, 397, ¶ 12, 142 P.3d 701, 705 (App. 2006); *see also State v. Powers*, 200 Ariz. 123, 129, ¶ 21, 23 P.3d 668, 674 (App. 2001). Mere speculation about what the trial

court may have or could have done, without facts in the record to substantiate the claim, is insufficient to show prejudice under fundamental error review. *Munninger*, 213 Ariz. at 397, ¶ 12, 142 P.3d at 705.

¶13 We need not decide whether Costa can meet his burden of showing a jury would have found differently because he cannot establish a reasonable probability that the trial court would have given him a lesser sentence. Under the trial court's finding that Costa was on parole at the time of the offense, A.R.S. § 13-708(A) required that the court impose a sentence of not less than 16 calendar years, the presumptive sentence for second degree murder in 2011. However, because the trial judge was seemingly concerned about whether the State met its burden of proving the parole allegation, the judge stated: "I can state categorically that it would have made absolutely no difference to my analysis in this case, because I would not have imposed a mitigated sentence even if I could." The judge also explained that regardless of Costa's parole status, Costa would be required to "serve every day of the sentence that is imposed" pursuant to A.R.S. § 13-710(A). The judge then found that "the aggravating factors control in this case" and announced the sentence of 21 years' imprisonment.

¶14 Because the record unambiguously demonstrates that Costa would have received the same aggravated sentence with or without the court's error, he cannot meet his burden of establishing he was prejudiced by the error in his sentencing procedure. *See State v. Ojeda*, 159 Ariz. 560, 562, 769 P.2d 1006, 1008 (1989) (holding that when one or more of the trial court's findings are set aside, the sentence should be set aside "unless the record clearly shows the trial judge would have made the same disposition even without consideration of the violations set aside on appeal").

## CONCLUSION

¶15 For the foregoing reasons, we affirm Costa's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama

5