NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

KIRK GEORGE BEARD, *Appellant*.

No. 1 CA-CR 14-0508
FILED 11-19-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-109860-001
The Honorable Jerry Bernstein, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

D O W N I E, Judge:

¶1        Kirk George Beard appeals his convictions and sentences for two counts of aggravated driving under the influence ("DUI") while his driver's license was suspended.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**[1]

¶2        Beard moved from California to Arizona but could not obtain an Arizona driver's license because his California license was suspended. He instead received an Arizona identification card in September 2011.  On February 28, 2013, Officer Bryant stopped Beard for speeding and requested his driver's license.  Beard admitted that his license was suspended and offered his identification card.   Officer Bryant observed signs of intoxication.   Beard denied consuming alcohol, but a horizontal gaze nystagmus test revealed six out of six cues of impairment.  Beard then admitted drinking two glasses of wine.

¶3        A sample of Beard's blood was obtained pursuant to a warrant after he refused to voluntarily submit to testing.  Subsequent analysis and retrograde extrapolation determined his blood alcohol content ("BAC") was between .125 and .151 within two hours of the traffic stop.

¶4        The State charged Beard with two counts of aggravated DUI, a class four felony. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 28-1381(A)(1), (2), -1383(A)(1), (L)(1).  The State disclosed its intent to use Arizona Motor Vehicle Division ("MVD") records that showed prior convictions for driving on a suspended license.  Beard moved *in limine* to redact information from those records pertaining to his prior DUI convictions.  The

---

[1]        "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser*, 191 Ariz. 199, 201 (App. 1997).

State agreed to the redactions and made photocopies of the redacted, certified driving records.

¶5        At trial, an MVD custodian of records established the authenticity of the redacted photocopy of Beard's Arizona driving record.[2] The exhibit was admitted into evidence, and it showed Beard had four convictions in Arizona for driving on a suspended license, arising out of four separate incidents between 2010 and 2012.

¶6        Recognizing that the MVD record custodian could not authenticate Beard's California driving records, the State indicated it would introduce the unredacted certified copy or, in the alternative, asked defense counsel to stipulate to admission of a photocopy that had been redacted. Because the defense did not want the jury to see the redacted information, which included "things like failure to complete DUI program [and] excessive blood alcohol level," counsel stipulated to admission of the redacted photocopy ("California Driving Record"). The California Driving Record showed that Beard received multiple notices that his license was suspended as of December 2006, March 2008, May 2008, and August 2009.

¶7        The jury found Beard guilty as charged. The court imposed concurrent four-month prison terms, followed by three years of supervised probation. Beard timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶8        Beard argues the trial court committed fundamental error by admitting the California Driving Record.[3] He contends the exhibit was not properly authenticated under Arizona Rule of Evidence ("Rule") 901. He also argues the court fundamentally erred by admitting the exhibit in violation of Rule 403.

¶9        To prevail under fundamental error review, Beard must show that error occurred, the error was fundamental, and he was prejudiced thereby. *See State v. Henderson*, 210 Ariz. 561, 567–68, ¶¶ 20–22 (2005). Fundamental error is error that "goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Id*. at 568, ¶ 24. A defendant "must

---

[2]        Beard was tried *in absentia*. He was present for sentencing.
[3]        We assume, without deciding, that defense counsel's stipulation to admission of the California Driving Record does not constitute invited error under the circumstances presented.

show that a reasonable jury, applying the appropriate standard of proof, could have reached a different result." *Id.* at 569, ¶ 27. Prejudice must be shown in the record and may not be based solely on speculation. *See State v. Munninger*, 213 Ariz. 393, 397, ¶ 14 (App. 2006).

**¶10** Assuming *arguendo* that the court erred by admitting the photocopy of the California Driving Record because it was not properly authenticated, we nevertheless affirm because Beard has failed to establish that any such error was both fundamental and prejudicial. At trial, Beard challenged the BAC evidence and the claim he was impaired, not his knowledge of the license suspension. Indeed, in closing arguments, defense counsel addressed Beard's refusal to voluntarily submit to testing by arguing that the consequence for that refusal — a license suspension — was meaningless:

> So why would he care if they were just going to suspend it again? It was already suspended, so that doesn't tell us anything either.

> It's entirely possible that Mr. Beard didn't care because it was already suspended, so why bother letting them take blood to find out he had a little bit of alcohol in his system even if he wasn't impaired.

Moreover, as Beard acknowledges in his opening brief, he admitted during the traffic stop that his license was suspended. As such, admission of the California Driving Record did not take away a right essential to Beard's defense. *See Henderson*, 210 Ariz. at 568, ¶ 24.

**¶11** We similarly reject Beard's challenge based on Rule 403. Decisions under Rule 403 involve a balancing process that is "truly discretionary with the trial judge." *Readenour v. Marion Power Shovel,* 149 Ariz. 442, 450 (1986). Because the trial court is best situated to conduct the Rule 403 balancing test, an appellate court will reverse its ruling only for a clear abuse of discretion. *State v. Canez,* 202 Ariz. 133, 153, ¶ 61 (2002). We find no such abuse here. The trial court ruled that the California Driving Record was not unduly prejudicial and found it relevant to the notice issue. We agree. The exhibit was relevant to an element of the offense, and in its redacted state, its probative value was not substantially outweighed by unfair prejudice. *Cf. State v. Schurz,* 176 Ariz. 46, 52 (1993) (Not all harmful evidence is unfairly prejudicial, as evidence that is relevant and material will generally be adverse to the opponent.).

**¶12** Beard has not carried his burden of demonstrating fundamental, prejudicial error.

## CONCLUSION

**¶13** For the reasons stated, we affirm Beard's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama