NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EVELYN JENNY JOHNSON, *Appellant.*

No. 1 CA-CR 15-0197
FILED 1-21-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201400333
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By William Scott Simon
*Counsel for Appellee*

Mohave County Legal Defender's Office, Kingman
By Eric Devany
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

**P O R T L E Y**, Judge:

**¶1**        Evelyn Jenny Johnson challenges her conviction and sentence for hindering prosecution in the first degree.  She argues there was insufficient evidence to support her conviction and prosecutorial misconduct deprived her of a fair trial.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        Deputy Patterson attempted to execute a felony arrest warrant for Brian Johnson at a mobile home owned by Johnson and her family.[1]  After knocking on the trailer and announcing he had a warrant to arrest Brian, Patterson heard a female voice, then what sounded like a door close and several "thuds" as if someone was jogging or running in the home.  No one from the trailer responded to his continual yelling for Brian to come out, but neighbors congregated near the deputy.

**¶3**        Deputy Patterson called for backup, and as other deputies began arriving, Patterson learned from a neighbor that Johnson was in the mobile home.  Patterson subsequently used the vehicle PA system to again announce he had a warrant for Brian's arrest, and requested Johnson to come out.  No one responded.  Four hours later, however, deputies fired "glass breakers" through a window of the trailer, and both Brian and Johnson came out.

**¶4**        Johnson later admitted to deputies that she knew there was a warrant for Brian's arrest.  She explained that she did not come out of the trailer because she did not hear Patterson's requests.  She further explained that she was not wearing her hearing aids; was taking a bath; was taking a nap and is a heavy sleeper; her heater was turned up; and her room is possibly sound proof.

---

[1] Johnson and Brian Johnson are apparently not related.  For clarity, we refer to the latter by his first name.

**¶5** Johnson was subsequently charged with one count of hindering prosecution in the first degree, a class 5 felony, and, after trial, the jury found her guilty. She was sentenced to a mitigated prison term of 2.6 years.[2] We have jurisdiction over her appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12–120.21(A)(1), 13–4031, and –4033(A).[3]

## DISCUSSION

I. Sufficiency of Evidence

**¶6** "A person commits hindering prosecution in the first degree if, with the intent to hinder the apprehension, prosecution, conviction or punishment of another for any felony, the person renders assistance to the other person." A.R.S. § 13-2512(A). A person renders assistance to another by knowingly "[h]arboring or concealing the other person," or by "[p]reventing or obstructing by means of force, deception or intimidation anyone from performing an act that might aid in the discovery, apprehension, prosecution or conviction of the other person." A.R.S. § 13–2510(1), (4).

**¶7** Johnson asserts the evidence fails to establish that she intentionally hindered Brian's arrest because the State did not present evidence that she "took any overt action" to prevent his arrest, such as telling deputies that Brian was not in the home, disguising him, or distracting the deputies so he could escape.[4] She also implies the jury was required to accept as true her exculpatory statements to the deputies explaining why she did not abide by their commands to exit her home.

**¶8** Our review of the sufficiency of evidence is limited to whether substantial evidence exists to support the verdict. *State v. Scott*, 177 Ariz. 131, 138, 865 P.2d 792, 799 (1993). Substantial evidence is such proof that "reasonable persons could accept as adequate and sufficient to support a

---

[2] The jury found that Johnson committed the offense while on release for a separate felony offense. As a result, Arizona Revised Statutes ("A.R.S.") section 13-708(D) required the court to impose a term two years longer for a class 5 felony conviction.

[3] We cite the current version of the applicable statutes unless otherwise noted.

[4] The record reveals that the State pursued a conviction only on the ground that Johnson hindered the apprehension of Brian, not on the other bases of unlawful hindrance listed in § 13-2512(A).

conclusion of defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990) (quoting *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980)).

**¶9**        When addressing a sufficiency of evidence argument, "[w]e construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *See State v. Greene*, 192 Ariz. 431, 436, ¶ 12, 967 P.2d 106, 111 (1998). We "draw all reasonable inferences that support the verdict," *State v. Fulminante*, 193 Ariz. 485, 494, ¶ 27, 975 P.2d 75, 84 (1999), and we resolve any conflict in the evidence in favor of sustaining the verdict. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989). We will reverse a conviction only if there is a complete absence of probative facts to support the conviction. *State v. Scott*, 113 Ariz. 423, 424-25, 555 P.2d 1117, 1118-19 (1976). The finder-of-fact, not the appellate court, however, weighs the evidence and determines the credibility of witnesses. *State v. Cid*, 181 Ariz. 496, 500, 892 P.2d 216, 220 (App. 1995). No distinction exists between circumstantial and direct evidence in Arizona. *State v. Stuard*, 176 Ariz. 589, 603, 863 P.2d 881, 895 (1993). When determining one's intent, absent an admission, the court uses inferences "from all relevant surrounding circumstances." *In re William G.*, 192 Ariz. 208, 213, 963 P.2d 287, 292 (App. 1997).

**¶10**        Despite Johnson's argument, there is no statutory requirement that she needed to commit an overt act to hinder Brian's arrest. *See* A.R.S. § 13–2510(1), (4). Her obstruction was deception; pretending not to be home for four hours or unable to hear the repeated requests by law enforcement to come out of the trailer, *see id.*, and is sufficient to sustain her conviction. *See State v. Martinez*, 175 Ariz. 114, 117, 854 P.2d 147, 150 (App. 1993) (rejecting contention that defendant's action of closing door on police was inadvertent and not to hinder execution of search warrant).

**¶11**        Although she claimed she could not hear the requests to leave the mobile home, the jury was free to reject the truthfulness of her statements. Instead, and based on the evidence, the jury could have reasonably concluded Johnson, like her neighbors, heard that the deputy was outside of the mobile home. Additionally, the jury could have reasonably concluded she was aware of the deputy's presence because Deputy Patterson heard a female voice followed by a closing door after he first pounded on the trailer and announced his presence, and she was the only woman who eventually came out of the trailer. Moreover, because Johnson knew there was a warrant for Brian's arrest, which was announced a number of times during the standoff, the jury could have inferred that she intentionally hindered Brian's arrest by harboring or concealing him in her

home for the four hours before they both came out of the trailer. Consequently, there was sufficient evidence supporting Johnson's conviction for hindering prosecution in the first degree.[5]

II.     Prosecutorial Misconduct

¶12     Johnson contends she was denied a fair trial because of the prosecutor's misconduct during closing arguments. She argues the prosecutor improperly referred to facts not in evidence and commented on events "beyond the date-based limit of the indictment."

¶13     We review the issue, as Johnson correctly notes, for fundamental error because she did not object at trial to the purported misconduct. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (failure to object to alleged trial error results in fundamental error review). To obtain relief under fundamental error review, Johnson has the burden to show that error occurred, the error was fundamental and that she was prejudiced thereby. *See id.* at 567-68, ¶¶ 20-22, 115 P.3d at 607-08. Fundamental error is error that "goes to the foundation of [her] case, takes away a right that is essential to [her] defense, and is of such magnitude that [s]he could not have received a fair trial." *Id.* at 568, ¶ 24, 115 P.3d at 608. The showing required to establish prejudice "differs from case to case." *Id.* at ¶ 26. Speculation about how a purported error may have resulted in prejudice is insufficient; the prejudice must affirmatively appear in the record. *State v. Trostle*, 191 Ariz. 4, 13, 951 P.2d 869, 878 (1997); *State v. Munninger,* 213 Ariz. 393, 397, ¶ 14, 142 P.3d 701, 705 (App. 2006).

¶14     We will reverse a conviction for prosecutorial misconduct only if "(1) misconduct is indeed present[,] and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying defendant a fair trial." *State v. Moody,* 208 Ariz. 424, 459, ¶ 145, 94 P.3d 1119, 1154 (2004) (citation omitted). To justify reversal, the misconduct "must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial.'" *State v. Lee*, 189 Ariz. 608, 616, 944 P.2d 1222, 1230 (1997) (citations omitted).

        A.     Facts Not In Evidence

¶15     To prove that Johnson knew Brian was the subject of an arrest warrant at the time of the incident, the State presented evidence showing

---

[5] Because we conclude the evidence is sufficient to show Johnson intentionally hindered Brian's apprehension, we need not address her arguments that focus on her purported hindrance of Brian's prosecution.

that Brian did not appear at arraignment in a burglary case where he and Johnson were co-defendants. In rebuttal closing argument, the prosecutor stated:

> Defense counsel . . . talked about – and she knows she shouldn't have, about what happened on [Johnson's] other case; but I could tell you *a whole lot more* [that] is not relevant here. So whatever happened in the other case is not for your consideration. There's a *whole long story* that we could be here for days about.

(Emphasis added.)

**¶16** She argues the highlighted language constituted a comment regarding facts not in evidence and improper other-act evidence. Since a prosecutor may not comment on facts not introduced into evidence, it was improper for the prosecutor to comment directly or by innuendo on aspects of her burglary case that were unknown to the jury. *See State v. Zaragoza*, 135 Ariz. 63, 68, 659 P.2d 22, 27 (1983) (citation omitted). However, the comments were brief and isolated and were made in response to Johnson's closing argument that she was not convicted of the burglary charge. Thus, the comments did not "permeate[] the entire atmosphere of the trial," *Lee*, 189 Ariz. at 616, 944 P.2d at 1230 (citation omitted), and, under these circumstances, there was no reasonable likelihood that the comments influenced the verdict.

**¶17** Similarly, we conclude that Johnson failed to establish any prejudice. The evidence of guilt was overwhelming, and the trial court advised the jury both before and after the closing arguments that counsels' arguments were not law or evidence. *See State v. Newell*, 212 Ariz. 389, 403 ¶ 68, 132 P.3d 833, 847 (2006) (citation omitted) ("[T]he superior court instructed the jury that anything said in closing arguments was not evidence. We presume that the jurors followed the court's instructions."); *State v. Trostle*, 191 Ariz. 4, 16, 951 P.2d 869, 881 (1997) (noting that although the prosecutor impermissibly commented on defendant's failure to testify, "we cannot say it contributed to the jury's verdict in view of the overwhelming evidence of guilt and the context within which it was made"). The court further instructed the jury as follows:

> Evidence was presented in this case that the defendant had another case pending at the time of the crime she is alleged to have committed in this case. Such evidence was not presented, and may not be considered by you to conclude that she is a bad person, or that she is disposed to engage in

criminal activities.  Such evidence was presented and may be considered by you only for the limited purpose of determining whether she knew that there was a felony warrant outstanding for the arrest of Brian Johnson.

**¶18** We presume that jurors follow the court's instructions. *Newell*, 212 Ariz. at 403, ¶ 68, 132 P.3d at 847 (citation omitted).  Given this presumption, in addition to the overwhelming evidence of guilt, Johnson failed to prove any prejudice.

      B.     Comments Regarding Events That Occurred Before the Date of the Offense

**¶19** The indictment provides that the charged offense occurred on or about March 4, 2014.  Without citation to relevant authority, Johnson contends the evidence in her trial should have been "limited to a time 'on or about the 4th day of March, 2014.'"  Thus, she argues the prosecutor engaged in misconduct during closing arguments by making the following statements:

> [A]nd Brian Johnson did not appear [on the warrant] until he's arrested on March 4th, several months after he's ordered to appear, hanging out at [Johnson's] house, and she allows him to stay there, to harbor and conceal him."

> . . .

> It started back in January when the warrant was issued for Brian Johnson, and continued until culminated on March 4th when the deputies went there.

> . . .

> There's no reason for her not to ride this out with the deputies for hours after three months of a fugitive living in her house other than to hinder [Brian's] arrest and prosecution.

**¶20** The arguments do not invite the jury, as Johnson suggests, to convict her for uncharged conduct.  Instead, the arguments are fair comments on the evidence. *See State v. Bible*, 175 Ariz. 549, 602, 858 P.2d 1152, 1205 (1993) ("[D]uring closing arguments counsel may summarize the evidence, make submittals to the jury, urge the jury to draw reasonable inferences from the evidence, and suggest ultimate conclusions."). Additionally, even if the arguments were improper, Johnson only

hypothesizes that her conviction "may have" been based on uncharged conduct. Not only is such speculation insufficient under fundamental error review to establish prejudice, but we find no prejudice resulted from the prosecutor's arguments. Because there was overwhelming evidence to support the conviction and the jury was properly instructed that counsels' arguments were not law or evidence, we find no fundamental error.

## CONCLUSION

¶21　　　　Based on the foregoing, we affirm Johnson's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama