NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TOLLY DEVEYON ALLEN, *Appellant*.

No. 1 CA-CR 15-0281
FILED 7-7-2016

Appeal from the Superior Court in Maricopa County
No.  CR2014-145058-001
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Terry M. Crist, III
*Counsel for Appellee*

Ballecer & Segal, LLP, Phoenix
By Natalee Segal
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Lawrence F. Winthrop concurred and Judge Donn Kessler concurred in part and dissented in part.

**S W A N N**, Judge:

**¶1**          Tolly Deveyon Allen ("Defendant") appeals his convictions and sentences for one count of burglary in the first degree, two counts of aggravated assault, and two counts of kidnapping.  He asserts that the trial court committed fundamental error when it excused a juror after the close of evidence.  Defendant also contends the court fundamentally erred by considering improper aggravating factors during sentencing.  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**          A.H. and his adult daughter, S.M., were in their respective bedrooms when Defendant, Defendant's brother, and another individual forced entry into A.H.'s home.  A.H. was resting on his bed when Defendant held him down and pressed a sword blade to A.H.'s throat and threatened to kill him.  A.H. feared for his life.

**¶3**          Meanwhile, S.M. and her boyfriend barricaded themselves in her room, and S.M. called 9-1-1. Defendant's brother threatened S.M. and tried to open S.M.'s bedroom door by beating on it with a baseball bat.  S.M. feared for her life, but before she was harmed, the intruders fled the home when they realized police were en route.  Officers Gierish and Nielsen apprehended the suspects.

**¶4**          Alleging both direct and accomplice liability, the state charged Defendant with one count of burglary in the first degree, a class 2 felony (Count 1), two counts of aggravated assault, class 3 felonies (Count 2 for A.H., and Count 4 for S.M.), and two counts of kidnapping, class 2 felonies (Count 3 for A.H., and Count 5 for S.M.).  The jury found Defendant

---

[1]          We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Defendant. *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

guilty as charged, and the court imposed aggravated concurrent prison sentences for all counts. Defendant appeals.

## DISCUSSION

**¶5**        To obtain relief under fundamental error review, Defendant has the burden to show that error occurred, the error was fundamental, and it prejudiced him. *See State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 20-22 (2005). Fundamental error is error that "goes to the foundation of [a defendant's] case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Id*. at 568, ¶ 24. We will not presume prejudice where none appears affirmatively in the record. *See State v. Trostle*, 191 Ariz. 4, 13-14 (1997); *State v. Munninger*, 213 Ariz. 393, 397, ¶ 14 (App. 2006).

## I.        EXCUSED JUROR

**¶6**        On the fifth day of trial, the court informed counsel that juror number 5 "had made inquiry to my bailiff as to post-trial security[.]" The court stated it had intended to question the juror, but it had just learned that the juror overheard Defendant's wife "reportedly making some comment about court security and a juror being concerned about that." The court noted that juror 5 "was apparently not around the other jurors" when the comment was overheard. Upon learning this information, the parties agreed to immediately dismiss the juror. Accordingly, the court directed the bailiff to release the juror, and the court proceeded to review the final instructions with the remaining thirteen jurors.

**¶7**        Defendant argues the court committed fundamental error in releasing the juror without questioning him or her (and the entire jury) about the expressed security concerns and the statement made by Defendant's wife. Defendant contends "it is unclear . . . if the remaining jurors were aware of the concerns of the excused juror or if they overheard the family discussing court security." Defendant summarily asserts, "[b]y not making the inquiry, the court prejudiced [him,]" but Defendant does not explain the nature of the purported prejudice.

**¶8**        A defendant in a criminal case is entitled to a fair and impartial jury, but he is not entitled to any particular jury. *State v. Arnett*, 119 Ariz. 38, 50 (1978). Defendant does not identify anything in the record demonstrating that the verdicts in this case resulted from a biased or partial jury. And despite Defendant's suggestion to the contrary, the court was not required to question juror number 5 or the entire jury. *See State v. Dann*, 220 Ariz. 351, 372, ¶ 116 (2009) (holding "the trial court did not abuse its

discretion by declining to conduct additional hearings or strike . . . jurors" who were observed by a defense witness and a member of defendant's family discussing the case amongst themselves).

**¶9** We discern no error, fundamental or otherwise; thus, Defendant fails to satisfy his burden of establishing reversible error.

## II. SENTENCING: AGGRAVATING FACTORS

**¶10** Before sentencing, the jury found that Defendant had committed the offenses while on probation. Additionally, based on Defendant's testimony at the aggravation trial, the court found he had two prior felony convictions. The jury found that the state proved the presence of an accomplice as an aggravating factor for all counts. The court, however, found Defendant's age and family support were mitigating factors.

**¶11** For Counts 1 through 3 only, the jury found that the state had proven the following two additional aggravating circumstances: threatened infliction of serious physical injury; and use, threatened use or possession of a deadly weapon or dangerous instrument during the commission of a crime.

**¶12** The parties agreed to sentencing of Defendant as a category 3 repetitive offender as to Counts 1 through 3, rather than as a dangerous offender.[2] *See* A.R.S. §§ 13-703, -704. Upon weighing the mitigating and aggravating factors, the court imposed slightly aggravated concurrent prison terms of 16.25 years for the class 2 felonies (Counts 1, 3, and 5) and 12 years for the class 3 felonies (Counts 2 and 4).

**¶13** Defendant challenges his sentences for Counts 1 through 3, arguing the aggravating factors found by the jury are elements of the offenses. Specifically, he argues that (1) possession or use of a dangerous weapon is an element of the burglary charge; (2) threatened infliction of serious physical injury and use of a dangerous instrument or deadly weapon are elements of the aggravated assault charge; and (3) threatened infliction of serious physical injury is an element of the kidnapping charge.

**¶14** Because Defendant did not make this argument at sentencing, we review for fundamental error. *See Munninger*, 213 Ariz. at 396, ¶ 10. He

---

[2] Although the jury found Counts 1 through 3 were dangerous offenses, the court expressly did not consider that finding at sentencing.

contends he "is prejudiced if his sentence would have been even a little bit lessened."

¶15          A person commits burglary in the first degree by entering a residential structure with the intent to commit theft or any felony therein and knowingly possesses a deadly weapon or dangerous instrument during the course of committing the theft or felony.  A.R.S. §§ 13-1507(A), -1508(B).  As charged in this case, a person commits aggravated assault by using a deadly weapon or dangerous instrument (here, a sword) to intentionally place another in reasonable apprehension of imminent physical injury.  A.R.S. §§ 13-1203(A)(2), -1204(A)(2).  A person commits kidnapping by knowingly restraining another with the intent to inflict death or physical injury or to otherwise aid in the commission of a felony. A.R.S. § 13-1304(A)(3).

¶16          Based on the foregoing, the offenses of aggravated assault and kidnapping do not contain the element of threatened infliction of *serious* physical injury.  *See* A.R.S. § 13-105(33), (39) (separately defining "physical injury" and "serious physical injury").  Thus, the court did not err, fundamentally or otherwise, in considering this factor as an aggravating circumstance when determining Defendant's sentences for Counts 2 and 3. *See* A.R.S. § 13-701(D)(1) ("[T]he trier of fact shall determine and the court shall consider the following aggravating circumstances . . . :  Infliction or threatened infliction of serious physical injury, *except if this circumstance is an essential element of the offense of conviction . . . .*" (emphasis added)).

¶17          We agree with Defendant, however, that possessing or using a dangerous instrument or deadly weapon is an essential element of first-degree burglary and aggravated assault as charged in the indictment. Consequently, the court erred in considering the dangerous instrument or deadly weapon aggravating factor as to Counts 1 and 2.  *See* A.R.S. § 13-701(D)(2) ("[T]he court shall consider . . . [as an] aggravating circumstance [ ] the [u]se, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime, *except if this circumstance is an essential element of the offense of conviction . . . .* "(emphasis added)).

¶18          Although the court erred in this respect, Defendant cannot establish that the error was fundamental or that it prejudiced him. Defendant committed the offenses while on probation; thus, he could not be sentenced to less than the statutory presumptive terms.  *See* A.R.S. § 13-708(C).   Defendant's probationary status at the time of the offenses, in conjunction with his two prior felony convictions and the aggravating factor found by the jury (presence of an accomplice), exposed Defendant to a sentencing range of 15.75 to 35 years for the burglary conviction and 11.25

to 25 years for the aggravated assault conviction. *See* A.R.S. §§ 13-701(D)(4), (25), -703(C), (G), (J). Defendant does not challenge the court's reliance on his probationary status and the presence of an accomplice to aggravate his sentences.[3] Furthermore, the court imposed sentences that are only nine months longer than the presumptive terms for both convictions (and more than a decade shorter than the maximum terms), and that are well within the aggravated range set forth in § 13-703(J). Accordingly, Defendant's sentences are lawful and no fundamental error occurred. *See State v. Glassel*, 211 Ariz. 33, 58, ¶ 104 (2005) (noting defendant's failure to challenge trial court's use of aggravators other than one found by the court forecloses claim of *Blakely* error); *Munninger*, 213 Ariz. at 397, ¶ 12 (sentence that is within prescribed aggravated range despite use of improper aggravator is a legal sentence); c*f. State v. Thues*, 203 Ariz. 339, 340, ¶ 4 (App. 2002) ("Imposition of an illegal sentence constitutes fundamental error.").

¶19 Finally, Defendant has not identified anything in the record that indicates that the court would have imposed lesser sentences had it not considered the improper aggravator. Indeed, Defendant's concession that "it is unclear whether the trial court would have imposed the same length of sentence had she properly considered the aggravators" illustrates the speculative nature of his assertion that he "is prejudiced if his sentence would have been even a little bit lessened." *See Munninger,* 213 Ariz. at 397, ¶ 14 (holding appellant's speculation — that trial court would impose specific sentence had improper aggravating factor not been considered — does not show prejudice). Defendant fails to meet his burden of establishing that the court committed fundamental prejudicial error in imposing the sentences for Counts 1 and 2.

**CONCLUSION**

¶20 For the foregoing reasons, we affirm Defendant's convictions and sentences

---

[3] Defendant also does not argue that the trial court was precluded from using his probationary status both to enhance his sentence under §§ 13-708(C) and -703(G) and as an aggravating factor under §§ 13-701(D)(25) and -703(G). *See State v. Clough*, 171 Ariz. 217, 225 (App. 1992) ("The trial court may consider as [an] aggravating circumstance[ ] the defendant's prior record."); *State v. LeMaster*, 137 Ariz. 159, 166 (App. 1983) ("Double jeopardy or double punishment principles do not preclude the trial court from using the prior conviction to impose an enhanced sentence . . . and to find aggravating circumstances under A.R.S. § 13–702.").

KESSLER, Judge, concurring in part and dissenting in part:

**¶21** I concur with the majority on the issues of the releasing of the juror and the use of aggravators under A.R. S. § 13-701(D)(1). I respectfully dissent from the affirming of the sentences for counts 1 and 2 (first-degree burglary and aggravated assault as charged in the indictment) based on the court's consideration of A.R.S. § 13-701(D)(2) aggravator of possessing or using a dangerous instrument or deadly weapon which is an essential element of those two counts. I would remand those two counts for resentencing.

**¶22** The imposition of an aggravated sentence based in part on consideration of a prohibited aggravating factor constitutes fundamental error. *State v. Trujillo*, 227 Ariz. 314, 318, ¶ 15 (App. 2011). When that occurs, we will remand for resentencing when "we cannot be certain that [the trial court] would have imposed the same sentence absent that factor . . . ." *State v. Munninger*, 213 Ariz. 393, 396, ¶ 9 (App. 2006) (internal quotation marks and citation omitted). Moreover, we will find prejudice if, after a review of the record, an appellant shows the court could have reasonably imposed a lighter sentence had it not improperly considered the prohibited factor, that is, if the record indicates that the improper factor influenced the sentencing decision. *Trujillo*, 227 Ariz. at 318-19, ¶¶ 16, 21.

**¶23** Here, the trial court balanced a number of aggravators against a few mitigators to impose aggravated sentences on counts 1 and 2. On this record, I cannot be certain the superior court would have imposed the same sentence absent the prohibited aggravator, and the appellant has shown prejudice. *Cf. Munninger*, 213 Ariz. at 397, ¶¶ 12, 14 (determining no fundamental error or prejudice occurred because the judge expressly found that each of the aggravating factors alone would have outweighed the mitigating factors).

**¶24** Accordingly, I would remand for resentencing on the convictions for first-degree burglary and aggravated assault without the aggravating factor of possessing or using a dangerous instrument or deadly weapon prohibited by A.R.S. § 13-701(D)(2).



Ruth A. Willingham · Clerk of the Court
FILED: AA